[Civ. No. 20026.   Second Dist., Div. Three.   Oct. 21, 1954.]

NETTIE G. BRASHEAR, Respondent, v. DELLA G. GER-BRACHT, as Administratrix, etc., Appellant.

Homer Johnstone for Appellant.

Arthur E. Briggs for Respondent.

WOOD (Parker), J.—Defendant appeals from (1) an order amending a judgment·*nunc pro tunc*; (2) from the judgment as so amended; (3) from any purported amended judgment entered by the clerk pursuant to said amended *nunc pro tunc* order; and (4) from an order denying defendant's motion to vacate the order amending the judgment.

Henry P. Leavitt died May 25, 1948, and John M. Chamberlain was appointed administrator of his estate. On November 4 or 5, 1948, plaintiff filed her creditor's claim with the county clerk for approval. The claim was for $11,800, the balance allegedly due upon a mutual, open and current account for services as housekeeper and nurse from September 16, 1939, to January 28, 1948 (May 22, 1948). The claim was filed or presented within the proper time. Said administrator wrote upon the back of the claim that the claim "is allowed and approved for $6000.00 this 10th day of November, 1948, John M. Chamberlain, Administrator of the Estate." A court commissioner wrote upon the back of the claim as follows: "Allowed and Approved for $6,000.00 only this 9th day of Nov., 1948 Clemmence Brown Court Commissioner."

On February 17, 1949, plaintiff commenced an action against the administrator upon said claim, wherein she sought recovery of the full amount of the claim. It was alleged in the complaint that the administrator refused to allow the claim in the amount claimed but approved and allowed it in the amount of $6,000. Said administrator answered the complaint by denying the allegations to the effect that decedent became indebted to plaintiff; and by alleging that the causes of action, if any, were barred by certain statutes of limitations.

Said administrator died on March 14, 1950, and Helen A. Leavitt was appointed administratrix. She filed an amended answer wherein she made denials and allegations similar to

those made in the answer. She alleged further therein that said claim was rejected by the administrator, Mr. Chamberlain, on November 10, 1948, and that it was rejected by a court commissioner on or about that date; notice of such rejection was served on plaintiff on November 12, 1948; at the same time, the administrator offered to compromise the claim and allow it to be approved for $6,000; the plaintiff herein refused the offer; no action was commenced upon said claim within three months after such service of notice of rejection, and that the action was barred by the statute of limitations. She denied further therein that the claim was finally approved by the administrator or a judge or commissioner in any amount, except the partial allowance and partial rejection therein above described; the claim was filed in the probate proceedings merely for preservation as evidence in the event claimant should sue for the entire amount of the claim; the claim was based upon an invalid agreement, if there was any agreement, in that the agreement was not to be performed within a year from the making thereof and there was no memorandum thereof. In her amended answer she also sought declaratory relief with respect to the validity of the claim "as affected by the partial allowance and partial rejection of said claim."

After the trial and before findings were made, the administratrix died, and Della G. Gerbracht was appointed administratrix and was substituted as defendant.

In the trial of that action, the court found, among other things, that said claim was allowed in part and rejected in part by the administrator and a court commissioner as shown by endorsements on the claim that it was allowed and approved for $6,000; that on November 12, 1948, the administrator served a written notice upon claimant, which notice stated that her claim was allowed and approved by the administrator and the court for $6,000, and that it was rejected by the administrator and the court in the amount of $5,800; that plaintiff did not bring said action within three months after the service upon her of notice of partial allowance and partial rejection of the claim.

The court made conclusions of law as follows: The court in said action "has no jurisdiction to determine the validity of plaintiff's claim as to the portion thereof which was allowed and approved as herein found"; by reason of plaintiff's failure to bring her suit within three months after service of notice of partial allowance and partial rejection plaintiff is

entitled to take nothing under her complaint; defendant is entitled to judgment for costs.

The judgment, entered on March 10, 1952, provided that plaintiff take nothing by her action, and that judgment be entered in favor of defendant for costs.

On March 4, 1953, plaintiff made a motion that said judgment be amended *nunc pro tunc* to make it correctly state the decision of the court as set forth in the findings of fact, conclusions of law, and memorandum of decision; that the judgment be amended to read: (1) that plaintiff take nothing for the reason that the action was not brought in time upon the rejected portion of the claim and that the court is without jurisdiction to determine the validity of the approved portion of the claim; (2) the action is dismissed without prejudice to further action as to the portion of the claim approved by the probate court in the amount of $6,000; (3) judgment is ordered for defendant for costs.

Defendant opposed the motion upon the grounds that the judgment is final; the requested amendment is not to correct clerical errors or misprisions, but it is an attempt by plaintiff to procure an amendment in matters of substance which would change substantial rights of the parties; that on August 26, 1952, after the entry of said judgment, the assets of the estate were distributed, and the estate has been closed.

The motion was heard by the judge who had rendered the judgment. On March 23, 1953, an order was made amending the judgment *nunc pro tunc* as of the date of entry of the judgment (March 10, 1952). The order provided in substance that the judgment was amended to read that in said action, being an action commenced more than three months after notice to plaintiff that her claim had been approved by the administrator and probate commissioner to the extent of $6,000, the court herein sitting in exercise of its general civil jurisdiction, and not in the exercise of its probate jurisdiction, has no jurisdiction as to the matter of validity of the claim so partially approved for $6,000, but that jurisdiction with respect to said matter is within the probate jurisdiction of the court in the matter of said estate; that as to the claim so rejected, being the amount in excess of $6,000 for which the claim was approved, the plaintiff shall recover nothing as against defendant by her action, brought more than three months after notice of rejection of said claim as to the amount in excess of $6,000; that defendant recover costs.

Appellant (defendant) contends that the order amending the judgment is erroneous for the reasons that the judgment was a final judgment on the merits and is res judicata; the order did not correct a clerical error or misprision; the order is a new finding after final judgment and is in conflict with the findings and judgment as originally entered; plaintiff is estopped in equity ''from seeking or receiving the order from which this appeal is taken.''

In *LaMar* v. *Superior. Court,* 87 Cal.App.2d 126 [196 P.2d 98], it was said at pages 129 and 130: ''The court has inherent power to correct a judgment so as to make it actually express the decision declared by the court . . . provided that the amendment does not affect the substantial rights of the parties. . . . An order may be made correcting a judgment *nunc pro tunc* as of its original date without notice and on the court's own motion so as to make it conform to the judicial decision actually made, and this is true regardless of the lapse of time. . . . The findings of fact and conclusions of law constitute the decision of the court and judgment must be entered accordingly. . . . The meaning of the term 'clerical error' has been so broadened as to include an error made by the judge or by the court. . . . The judgment may be corrected even though the misprision was that of the court.'' In *Meyer* v. *Porath,* 113 Cal.App. 2d 808 [248 P.2d 984], it was said at page 812: '' 'It is for the judge who made the original decision to decide whether the judgment as written expresses his decision. . . . It was for the trial judge to determine whether the order was complete and all that he intended it to be or whether it was deficient. If the mistake was clerical, it could be corrected. If it was judicial, it could not be.' '' In *Smith* v. *Smith,* 115 Cal.App.2d 92 [251 P.2d 720], it was said at page 99: ''The function of a *nunc pro tunc* order is merely to correct the record of the judgment and not to alter the judgment actually rendered—not to make an order now for then, but to enter now for then an order previously made.''

In the present case the court found, as above stated, that the claim was allowed in part and rejected in part by the administrator and commissioner as shown by endorsement thereon that it was allowed and approved for $6,000. Also in the present case, the court made conclusions of law that the court in said action had no jurisdiction to determine the validity of the approved portion of the claim, and by reason of plaintiff's failure to bring suit within three months after

service of notice of partial allowance and partial rejection plaintiff is entitled to take nothing under her complaint. Prior to the preparation of the proposed findings and conclusions of law, the trial judge wrote a memorandum of opinion and sent a copy of it to counsel for the parties. In the memorandum the judge requested counsel for defendant to prepare findings and judgment. In the proposed findings, prepared by counsel for defendant, there was a finding that "for claimant's failure to bring suit within said three months after the service of such notice that the said claim is forever barred." The trial judge drew a line through the words of that proposed finding. The first conclusion of law, just referred to (that the court had no jurisdiction as to validity of approved portion of claim), was inserted by the judge at the beginning of the proposed conclusions. A proposed conclusion of law, prepared by counsel for defendant, was the same in substance as the said proposed finding which was stricken out by the judge. That proposed conclusion was that by reason of plaintiff's failure to bring suit within three months after service of notice of partial allowance and partial rejection "her said claim is forever barred." The judge drew a line through the words of that proposed conclusion which are within quotation marks. In lieu of those words which were stricken out, the judge inserted the following words: "plaintiff is entitled to take nothing under her complaint herein." It thus appears that the trial judge, in making his findings and conclusions, was especially careful (1) to omit therefrom a statement that "said claim is forever barred"; and (2) to include therein a statement that the court in said action had no jurisdiction to determine the validity of the approved portion of the claim.

In the memorandum of opinion the judge stated in substance as follows: The allowance of $6,000 of the claim was in effect a rejection of the rest of the claim. Since the action was not filed within three months after notice of partial rejection, no relief as to the rejected portion can be granted plaintiff. If the bringing of the action constituted a renunciation by plaintiff of her rights under the claim as allowed, then that portion must suffer the same fate as the rejected portion. If the claim as allowed for $6,000 still retains its status as an allowed claim, no recovery may be had in this action because there is no basis for a separate action to establish a claim already allowed, and consequently plaintiff cannot recover in this action. Whether the claim as allowed for

$6,000 still retains its status as an allowed claim appears to be a problem which is primarily that of the court sitting in the exercise of its probate jurisdiction rather than of the court sitting in the exercise of its general civil jurisdiction. By way of dictum it may be pointed out that since the action was brought too late, and hence can avail plaintiff nothing and cannot affect the defendant to her harm, it would appear that plaintiff has not thereby lost her rights under the allowance of her claim for $6,000. Of course, that allowed claim may still be subject to attack in the probate court under section 927 of the Probate Code. Counsel for defendant is requested to prepare the findings and judgment.

█ The findings, conclusions of law, and memorandum of opinion indicate that the trial judge did not intend to render a judgment that might be interpreted to mean that the merits of the approved portion of the claim had been determined in said action. On the contrary, those documents indicate that the decision was that the court in said action, in the exercise of its general civil jurisdiction, did not have jurisdiction as to the validity of the approved portion of the claim, but that jurisdiction with respect to that portion was within the probate jurisdiction of the court in the matter of said estate; and that as to the rejected portion of the claim, being the amount of the claim in excess of $6,000, the plaintiff should recover nothing; and that defendant recover costs. In the order amending the judgment it was stated that the judgment "is not in conformity with the decision of the court as set forth in the findings of fact and conclusions of law filed herein on the 6th day of March, 1952 [entered March 10, 1952], and that such error should be corrected so that said judgment will conform to said decision." The trial court had the right to amend the judgment so that it would express the decision which was actually rendered. The record shows that the court acted properly and within its jurisdiction in amending the judgment as shown by said order.

█ As above stated, defendant also appeals from the judgment as amended by the *nunc pro tunc* order. She argues that the commencement of the action based on the claim was a renunciation of the approval of the claim for $6,000; the claim was never finally approved in part as a debt of the estate for the reason, among others, that the allowance of the claim was not entered in the register by the clerk; since the action was based upon a rejected claim, the court had jurisdiction to determine the matter of the whole claim,

and no part was left for determination in the probate division; plaintiff, by suing upon the claim in its entirety, merged the allowed portion with the rejected portion. There is no reporter's transcript herein—the appeal is upon the judgment roll. The complaint alleged that the administrator had approved and allowed the claim in the amount of $6,000. The defendant alleged in her amended answer that the administrator offered to compromise the claim and allow it to be approved for $6,000. The court found that the claim was allowed and approved in part by the administrator and a court commissioner for $6,000, and that it was rejected in part by them; and that the administrator had notified plaintiff in writing that her claim was allowed and approved by the administrator and the court for $6,000. The court did not find that plaintiff had renounced the approval of her claim for $6,000. As shown by interlineations in the proposed findings, the court declined to find that "said claim is forever barred." Since the action was filed too late, the court could not determine the merits of the claim. The court stated in its conclusions of law that it had no jurisdiction to determine the validity of plaintiff's claim as to the portion which had been approved. In the judgment as amended (from which an appeal is taken), the court decreed that it had no jurisdiction as to the validity of the claim as so approved for $6,000, but that jurisdiction as to that matter was within the probate jurisdiction of the court in the matter of the estate, and that as to the amount of the claim in excess of $6,000 for which the claim was approved the plaintiff should recover nothing by her action brought three months after notice of rejection of such excess. In *Haub* v. *Leggett,* 160 Cal. 491 [117 P. 556], a creditor's claim for $1,500 was approved by the executors and judge for $500, and it was filed with the clerk. The creditor commenced an action for the whole amount of the claim, $1,500. The executors asserted that the allowance of the claim for $500 was a judgment and a bar to the right to recover more than that amount. The judgment in the trial court was in accordance with that contention—no finding was made as to the merits of the claim. On appeal that judgment was reversed and the court stated at page 496: "It is not necessary to decide whether the suit in such a case should be for the whole claim, or only for the balance. If the creditor sues for the entire demand, giving no credit for the part allowed, as was done here, the executor or administrator can set up the allowance

in the answer, as in this case was done, and the record will then necessarily show whether the judgment given is for the whole claim, or for the balance only. If it is for the whole, the allowance formerly made will be merged in such judgment. If for the balance, only, the former allowance will stand.'' In the present case it cannot be said that, as a matter of law, the filing of this action constituted a renunciation by plaintiff of the approval of the claim for $6,000. As above stated, the court did not find as a fact that plaintiff had renounced said approval. The present action was filed too late for any recovery to be had by plaintiff under her complaint; but, according to the finding of the court made upon sufficient evidence, there was an approved claim for $6,000 in the probate proceeding. In view of the recent decision in *Schlyen* v. *Schlyen* (Aug. 31, 1954), 43 Cal.2d 361 [273 P.2d 897], it cannot be said that the trial court (superior court) herein did not have jurisdiction to determine the validity of the approved claim for $6,000. The court was not required, however, to determine in said action the validity of such approval. ■ The approved claim was a part of the probate proceeding in the probate department of the superior court, and such approval of the claim therein was not a final determination that the claim should be paid, but, on the contrary, the claim was subject to contest, under section 927 of the Probate Code, upon the hearing of the account of the administratrix in the probate proceeding. At such a contest or hearing all persons interested in the estate could be heard. There is no reversible error in the judgment as amended by the *nunc pro tunc* order.

■ Appellant also contends that since the court did not dismiss her petition for declaratory relief it must be deemed that the issues presented by the petition were adjudicated in her favor. (The petition was set forth in a document entitled First Amended Answer and Petition for Declaratory Judgment.) The amended judgment was a sufficient declaration of the rights of the parties—it being declared in effect that under the circumstances herein the matter of the validity of the approved claim should be heard in the probate proceeding where the claim would be subject to attack under section 927 of the Probate Code. In *Herrmann* v. *Fireman's Fund Ins. Co.*, 127 Cal.App.2d 560, there was a question, page 567 [274 P.2d 501], whether an action for declaratory relief is properly refused where an adequate remedy exists under some other form of action. The court therein said at

page 567: "[T]hat question was a factor to be considered by the court [citation], and its determination of the question of the availability of the alternate remedies, their adequacy and suitability to plaintiff's needs cannot be here disturbed where there is substantial evidence to support the findings of the court and no abuse of discretion is shown."

As above stated, defendant also appeals from any purported amended judgment entered by the clerk pursuant to said *nunc pro tunc* order; and she also appeals from an order denying her motion to vacate the order amending the judgment. Appellant's contentions with reference to these appeals have been discussed hereinabove in considering the other two appeals.

By reason of the above conclusions, it is not necessary to discuss other contentions.

The orders and judgments appealed from are affirmed.

Shinn, P. J., and Vallée, J., concurred.