[Civ. No. 53849. Second Dist., Div. Two. Mar. 12, 1979.]

LYNON SOILS, JR., Plaintiff and Respondent, v.
OILFIELDS TRUCKING COMPANY, Defendant and Appellant.

COUNSEL

Horgan & Robinson, Mark P. Robinson, Horvitz, Greines & Poster, Ellis J. Horvitz and Marc J. Poster for Defendant and Appellant.

Toxey Hall Smith and Joseph A. Weiss for Plaintiff and Respondent.

OPINION

ROTH, P. J.—Respondent sued appellant to recover for injuries sustained when a truck owned by appellant collided with one owned and driven by respondent. It was alleged the driver of appellant's vehicle was appellant's agent, but it is conceded no direct evidence on the contention, denied in appellant's answer to the complaint, was introduced at trial. The sole question on appeal is whether, in view of that fact, the judgment in respondent's favor should be affirmed.[1] Respondent urges it must because (1) an inference of agency arose solely because appellant admitted ownership and permissive use of the offending vehicle, (2) there was evidence offered from which agency and the scope thereof could be inferred, or (3) that the essential facts were admitted at trial by appellant's counsel. None of these contentions can be sustained.

---

[1] The total amount of damages found by the jury was $400,000. This was reduced by a comparative negligence factor of 25 percent attributable to respondent and by the pro rata award to intervenor Liberty Mutual Insurance Company, the compensation carrier, of $15,942.36, so that respondent's recovery was fixed at $284,057.64.

■ Respecting contention (1), respondent urges us to decline to follow *Stewart* v. *Norsigian* (1944) 64 Cal.App.2d 540 [149 P.2d 46, 150 P.2d 554], or alternatively, to distinguish it as a case not involving commercial vehicles. *Stewart* involved an action for wrongful death occasioned by a collision between a motorcycle and a private automobile. It was there urged the owner of the car who was not the driver was fully liable under the doctrine of respondeat superior and that that relationship could be inferred from no more than the facts of ownership and permissive use. In a soundly reasoned opinion, which considered the question in relation to the predecessor statute of Vehicle Code sections 17150 and 17151,[2] the court concluded:

"In practically all of the cited cases there are statements to the effect that the inference of agency arises from the fact of possession and permissive use. Those statements were by way of argument under the facts before the court. . . . Thus the cases relied upon by plaintiff do not establish the rule that mere permissive use of an automobile raises the inference of agency. They do not cause us to change our views that, in addition to permissive use the plaintiff must also prove either employment of the operator by the owner, or that the operator was a member of the family group of the owner, or was operating the car under the control of or for a member of the family group of the owner in order to justify the inference of agency.

". . . . . . . . . . . . . . . . . .

"Prior to the adoption of section 1717¼ of the Civil Code, now section 402 [17151] of the Vehicle Code, no right of action existed against the

[2]The statutes provide: "§ 17150. Liability of private owners. Every owner of a motor vehicle is liable and responsible for death or injury to person or property resulting from a negligent or wrongful act or omission in the operation of the motor vehicle, in the business of the owner or otherwise, by any person using or operating the same with the permission, express or implied, of the owner."

"§ 17151. Limitation of liability. (a) The liability of an owner, bailee of an owner, or personal representative of a decedent imposed by this chapter and not arising through the relationship of principal and agent or master and servant is limited to the amount of fifteen thousand dollars ($15,000) for the death of or injury to one person in any one accident and, subject to the limit as to one person, is limited to the amount of thirty thousand dollars ($30,000) for the death of or injury to more than one person in any one accident and is limited to the amount of five thousand dollars ($5,000) for damage to property of others in any one accident.

"(b) An owner, bailee of an owner, or personal representative of a decedent is not liable under this chapter for damages imposed for the sake of example and by way of punishing the operator of the vehicle. Nothing in this subdivision makes an owner, bailee, or personal representative immune from liability for damages imposed for the sake of example and by way of punishing him for his own wrongful conduct."

owner of a vehicle simply because he had given another permission to operate it. Such right of action is clearly a creature of statute which limits the recovery against the owner to five or ten thousand dollars, depending on circumstances, and also depending on the further condition that the right of action does not arise 'through the relationship of principal and agent or master and servant.' If the mere possession and permissive use of an automobile made the owner liable for the negligence of the operator under the doctrine of *respondeat superior,* then . . . section 402 [17151] of the Vehicle Code is entirely meaningless and there would be no limitation on the amount that an injured plaintiff could recover against such owner." (*Stewart* v. *Norsigian, supra,* 64 Cal.App.2d at 553-554; cf. *Montanya* v. *Brown* (1939) 31 Cal.App.2d 642 [88 P.2d 745]; see also *Flores* v. *Brown* (1952) 39 Cal.2d 622 [248 P.2d 922].)[3]

We are not inclined to depart from *Stewart's* analysis nor do we find any basis in reason for limiting its rationale to automobiles, or private as opposed to commercial vehicles. Whether truck or auto, commercial or private, vehicles are vehicles for purposes of liability like that in issue here.

■ Nor is agency established here through any other inference as claimed by respondent in its contention (2). In support of that argument, it is urged:

"The following evidence was adduced at trial: the truck was owned by Oilfields (this and the fact of permissive use are also admitted in the answer . . .); Oilfields' vice president in charge of Southern California operations knew the name of the driver of the Oilfields truck and knew that he was deceased at the time of trial . . . . Furthermore, the truck driver, after the accident, stated with regard to the condition of his truck, that it was lucky he was empty because if he had been loaded with oil he would not have been able to get around Soils . . . or probably would have turned over . . . , (thereby exhibiting a degree of knowledge regarding the handling capabilities of the vehicle, and the use of the trucks in the service of the company).

"The jury would infer from the foregoing that the truck driver was employed by Oilfields and was in the scope of employment at the time of

---

[3] In *Flores* no direct reference is made to *Stewart.* The above quoted language from the latter is taken from that portion of the opinion which was rendered in connection with the denial of a rehearing. A petition for hearing by the Supreme Court was also denied.

the accident in the absence of any evidence whatsoever to the contrary." (Respondent's brief,.p. 6.)

It is enough to say permissive use and admitted ownership, as previously noted, will not support the inference of agency and that the additional facts set out are likewise insufficient for the purpose, especially when it is observed no evidence was presented which even tended to disclose what was the nature of appellant's business.

Finally, concerning contention (3) that agency was admitted by appellant's counsel at trial, respondent asserts: "[t]he facts show that during the trial, Oilfields' counsel acquiesced in statements by plaintiff and other counsel, and the court, and made statements himself, that clearly implied that the driver's actions equated to the company's actions. For example: '. . . the defendant in this case is Oilfields Trucking Company . . .' . . .; '. . . a *truck* owned by Oilfields Trucking Company *was driving*' . . .; '. . . Now, this is Oilfields Trucking *Company* here that's the *defendant*' . . .; '. . . we have a right then to bring a lawsuit against the Oilfields Trucking *Company, who* we believe caused the accident' . . .; 'My client is Oilfields Trucking Company . . . Mr. Soils is *also* a truck *driver*' . . .; '. . . simply because they have denied responsibility that means they are not responsible' . . .; '. . . mere fact that Oilfields Trucking Company spent a lot of money investigating . . . wouldn't cause you to think that they were right and my client was wrong.' . . .; 'So you won't require that *our truck driver* operate a vehicle any differently than you would require anybody . . .' . . .; 'You are going to be instructed that it is the duty of plaintiff to establish that *the accident was the cause* of the injury' . . .; 'Did the *Oilfields Trucking driver* say anything to you . . .' . . .; '. . . and I recall *your driver* saying . . .' . . . . (Emphasis added.)" (Respondent's brief, pp. 10-11.)

Of the eleven statements quoted the first two were made by the trial court in its blanket voir dire of prospective jurors at the inception of the trial; the next seven by respondent's, intervener's or appellant's counsel in the same kind of inquiry; the next by respondent's counsel on direct examination of respondent and the last by the same witness in response to appellant's counsel on cross-examination. ■ Neither the substance of these statements nor the context in which they were made were sufficient to show anything more than that admitted by appellant, namely, that it owned the truck in question and that the vehicle was being driven with appellant's permission. Appellant's concession that under such circumstances and upon adequate proof of negligence on the part of the driver

of its truck it was liable statutorily under Vehicle Code sections 17150 and 17151 is a far cry from conceding unlimited liability under the doctrine of respondeat superior, and respondent's assertion the concession occurred is, on the record here, untenable. (See *Hathaway* v. *Siskiyou etc. School Dist.* (1944) 66 Cal.App.2d 103 [151 P.2d 861]; compare *Scafidi* v. *Western Loan & Bldg. Co.* (1946) 72 Cal.App.2d 550 [165 P.2d 260] with *Duffy* v. *Griffith Co.* (1962) 206 Cal.App.2d 780 [24 Cal.Rptr. 161].) ■ The fact that appellant first raises on appeal the inadequacy of respondent's proof to support the verdict is of no consequence. (*Orange County Flood Control Dist.* v. *Sunny Crest Dairy, Inc.* (1978) 77 Cal.App.3d 742 [143 Cal.Rptr. 803]; *Martin* v. *Hall* (1971) 20 Cal.App.3d 414 [97 Cal.Rptr. 730, 53 A.L.R.3d 719].)

Having thus decided we further conclude that retrial be confined to the limited question of agency because "the issue . . . can be separately tried 'without such confusion or uncertainty as would amount to denial of a fair trial' " and because the issues of comparative negligence and damages have been properly determined and need not be relitigated. (*Gyerman* v. *United States Lines Co.* (1972) 7 Cal.3d 488, 505-506 [102 Cal.Rptr. 795, 498 P.2d 1043].)

The judgment is reversed and the matter remanded for further proceedings in accordance with this opinion.

Fleming, J., and Beach, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 10, 1979.