[Civ. No. 67527. Second Dist., Div. Three. Apr. 6, 1984.]

DUCHESS PETTIGREW, Plaintiff and Appellant, v.
GRAND RENT-A-CAR, Defendant and Respondent.

**COUNSEL**

Arthur Sherman, Sherman & Nordstrom and Jonathan K. Golden for Plaintiff and Appellant.

Jay S. Rothman and Leon Small for Defendant and Respondent.

**OPINION**

**DANIELSON, J.**—Duchess Pettigrew appeals from an order made after judgment correcting the amount of the judgment by reducing the award of

damages to $15,000 to conform to the limit fixed by Vehicle Code section 17151. The issue presented is whether a court has the power to correct its judgment, after it has been entered, by reducing the amount of a jury verdict to the amount of the maximum liability prescribed by law. We affirm.

## FACTS

Appellant was injured when a vehicle in which she was a passenger was involved in an accident. She filed an action for damages against the driver of the vehicle, Evonne Cornill, and the owner, respondent Grand Rent-A-Car, as well as Does I through X. The complaint alleged, inter alia, that each of the defendants acted as agent and employee of the others, and was acting within the scope of such agency or employment, at the time of the accident. The summons and complaint were served upon respondent, but not upon Cornill.

Respondent filed an answer, denying the allegations of the complaint and alleging contributory negligence. Thereafter, the parties stipulated to dismissal of the action as to the unserved defendants, and on September 22, 1981, the jury returned a verdict in appellant's favor in the sum of $150,000. A "judgment on verdict in open court" was made accordingly on September 22 and was entered on September 23. Notice of entry of the judgment was mailed to the parties on September 24.

Respondent moved for a new trial and for judgment notwithstanding the verdict. Both motions were denied on November 10, 1981.

On December 11, 1981, respondent filed a "Notice of Motion to Vacate Judgment and/or Modify Judgment to Statutory Limits under Section 473 CCP; and Vehicle Code Section 17151."

On December 15, 1981, the court granted respondent's motion and modified the judgment by reducing the award of damages to $15,000, the limit fixed by Vehicle Code 17151. This appeal followed.

## CONTENTIONS

Appellant contends:

I. Damages may not be reduced after final judgment under Code of Civil Procedure section 473.[1]

---

[1] All statutory references are to the Code of Civil Procedure unless otherwise specified.

II. The doctrines of waiver and estoppel preclude respondent from challenging the amount of damages.

III. The neglect of respondent's counsel was not excusable.

Respondent controverts those contentions.

DISCUSSION

*The Applicable Statutes*

The relevant statutory provisions are as follows:

Vehicle Code section 17150 provides: "Every owner of a motor vehicle is liable and responsible for death or injury to person or property resulting from a negligent or wrongful act or omission in the operation of the motor vehicle, in the business of the owner or otherwise, by any person using or operating the same with the permission, express or implied, of the owner."

Vehicle Code section 17151 provides, in part: "(a) The liability of an owner . . . imposed by this chapter and not arising through the relationship of principal and agent or master and servant is limited to the amount of fifteen thousand dollars ($15,000) for the death of or injury to one person in any one accident . . . ."

Section 473 provides, in part: "The court may, upon such terms as may be just, relieve a party or his or her legal representative from a judgment . . . taken against him or her through his or her mistake, inadvertence, surprise or excusable neglect. Application for such relief . . . must be made within a reasonable time, in no case exceeding six months, after such judgment, . . . was taken. . . .

"The court may, upon motion of the injured party, or its own motion, correct clerical mistakes in its judgment or orders as entered, so as to conform to the judgment or order directed, and may, on motion of either party after notice to the other party, set aside any void judgment or order."

*The Bases of the Motion to Modify the Judgment*

Respondent's motion to vacate judgment or to modify it to conform to the statutory limit of $15,000 fixed by Vehicle Code section 17151 was based upon his contentions that (1) his failure to request jury instructions as to the effect of section 17151 was due to his mistake of law and that the mistake was reasonable; (2) the court had the inherent power to set aside a judgment

taken through its own inadvertence or mistake; and (3) the appellant would not be prejudiced if the relief were granted because the maximum award that the statute provided was limited to $15,000.

The court granted respondent's motion and modified the judgment by reducing the amount of the award to $15,000. The record is silent as to the court's reason for granting the motion since appellant has not furnished us with a reporter's transcript of those proceedings. The court's decision appears in the record only as a minute order granting the motion without stating the court's reasoning.

■ *A Court Has the Power to Correct Clerical Mistakes in the Judgment as Entered at Any Time, so as to Make It Conform to the Judgment Intended.*

Section 473 expressly empowers a court to correct clerical mistakes in its judgments, even after entry. The statute imposes no time limitation on that power.

The power of a court to correct clerical mistakes in its judgments is also an inherent power.

"It is not open to question that a court has the inherent power to correct clerical errors in its records so as to make these records reflect the true facts. [Citations.] The power exists independently of statute and may be exercised in criminal as well as in civil cases. [Citations.] The power is unaffected by the pending of an appeal or a habeas corpus proceeding. [Citation.] The court may correct such errors on its own motion or upon the application of the parties. [Citation.]" (*In re Candelario* (1970) 3 Cal.3d 702, 705 [91 Cal.Rptr. 497, 477 P.2d 729].)

■ The power of a court to correct its records to conform to the facts is not lost by mere lapse of time. *Brashear* v. *Gerbracht* (1954) 128 Cal.App.2d 263, 268 [274 P.2d 933]; *Nathanson* v. *Murphy* (1957) 147 Cal.App.2d 462, 467 [305 P.2d 710].)

■ *An Error in a Judgment, Made Through Inadvertence, Is a Clerical Error.*

"The distinction between a clerical error and a judicial error does not depend so much on the person making it as it does on whether it was the deliberate result of judicial reasoning and determination. [Citations.]" (*Estate of Doane* (1964) 62 Cal.2d 68, 71 [41 Cal.Rptr. 165, 396 P.2d 581].)

A clerical error in a judgment, "'as regards correction, includes one made by the court which cannot reasonably be attributed to exercise of

judicial consideration or discretion.' " (*Estate of Goldberg* (1938) 10 Cal.2d 709, 715 [76 P.2d 508]; *Brashear* v. *Gerbracht, supra,* 128 Cal.App.2d 263, 268; *Bowden* v. *Green* (1982) 128 Cal.App.3d 65, 71 [180 Cal.Rptr. 90].)

█ "Clerical error, . . . is to be distinguished from judicial error which cannot be corrected by amendment. The distinction between clerical error and judicial error is 'whether the error was made in rendering the judgment, or in recording the judgment rendered.' [Citation.] Any attempt by a court, under the guise of correcting clerical error, to 'revise its deliberately exercised judicial discretion' is not permitted. [Citation.]" (*In re Candelario, supra,* 3 Cal.3d 702, 705.)

Witkin has said that the test as to whether an error in a judgment is a clerical or a judicial error "is simply whether the challenged judgment was made or entered inadvertently (clerical error) or advertently (judicial error). (4 Witkin, Cal. Procedure (2d ed. 1971) Judgment, § 65, p. 3226.) ·(5) "The general rule with respect to the power of the court to modify a judgment does not preclude the court from correcting clerical errors and misprisions either in the entry of the judgment or due to inadvertence of the court. The term 'clerical error' covers all errors, mistakes, or omissions which are not the result of the exercise of the judicial function. If an error, mistake, or omission is the result of inadvertence, but for which a different judgment would have been rendered, the error is clerical and the judgment may be corrected to correspond with what it would have been but for the inadvertence. [Citations.] The court has inherent power to correct such errors. This power extends to striking out findings of fact and conclusions of law and a judgment and substituting wholly different findings of fact and conclusions of law and judgment. In correcting a clerical error or mistake the trial judge may give effect to facts within his personal knowledge and to his recollection. [Citations.]" (*George* v. *Bekins Van & Storage Co.* (1948) 83 Cal.App.2d 478, 480-481 [189 P.2d 301].)

For further discussion as to the distinctions between clerical and judicial errors in judgments, see authorities cited and illustrations set forth at 4 Witkin, California Procedure, Judgment, sections 66-71, page 3228 et seq., and 40 California Jurisprudence Third, Judgments, sections 103-112, pages 465-477.

█ *The Inadvertent Making and Entry of a Money Judgment in Excess of the Amount Limited by Law Is a Clerical Error and May Be Corrected by the Court.*

Under the facts of the case at bench, the liability of the owner of the motor vehicle, respondent herein, for injury to one person, the appellant,

was limited by statute to $15,000. The record on appeal is silent as to the reasoning of the trial court in modifying the judgment and reducing the amount of the award to the statutory limit of $15,000. In the absence of a record compelling a conclusion to the contrary, we hold that the excessive amount of the award as originally entered, $150,000, was the result of inadvertence on the part of the court and the clerk. It clearly was not "the deliberate result of judicial reasoning and determination," (*Estate of Doane, supra,* 62 Cal.2d 68, 71) nor could it "reasonably be attributed to the exercise of judicial consideration or discretion." (*Bowden* v. *Green, supra,* 128 Cal.App.3d 65, 71.)

It cannot be presumed that the court intended deliberately to render and enter a judgment which was contrary to law. Thus, there was an error in the judgment which was made inadvertently; it was a clerical error and could be corrected by the court under its statutory and inherent power so to do.

In *Westcott* v. *Hamilton* (1962) 202 Cal.App.2d 261 [20 Cal.Rptr. 677], the trial court had entered a judgment on verdict awarding plaintiff an amount in excess of the maximum for which the owner of a vehicle could be held liable. The reviewing court referred to this as a clerical error which the trial court should order to be corrected. Westcott had sustained damages arising out of an automobile accident caused by Ethel Jane Hamilton. Westcott sued Leslie R. Hamilton as owner of the vehicle, and as executor of the estate of the decedent driver. The jury returned a verdict in favor of Westcott for $16,500, and the trial court made and caused to be entered a judgment in accordance with the verdict. The reviewing court noted, at the outset of the decision: "The judgment on the verdict, as entered, is erroneous. It sets forth the verdict but fails to recite, as to defendant L. R. Hamilton, Inc., a limitation to the sum of $5,000, that being the maximum for which the owner of the Hamilton car was liable (Veh. Code, § 17151, formerly § 402, subd. (b)). The trial judge should order that the clerical error be forthwith corrected. [Citations.]" (*Id.,* at p. 264.)

Where, as here, a statute limiting damages was overlooked through sheer inadvertence of counsel for the defendant-respondent, and by the court, either of whom could have invoked the prescribed limitation of the award of damages by simply noting the existence of Vehicle Code section 17151 at any time up to and including an appeal (see *Carnes* v. *Pacific Gas & Elec. Co.* (1937) 21 Cal.App.2d 568, 572-574 [69 P.2d 998]), and appellant does not claim the evidence at trial established either an agency or an employment relationship between the driver and the owner so as to except the case from the statutory limitation (cf. *Soils* v. *Oilfields Trucking Co.* (1979) 90 Cal.App.3d 349, 351-355 [153 Cal.Rptr. 371]), the error may properly

be characterized as "clerical" (*George* v. *Bekins Van & Storage Co.*, *supra*, 83 Cal.App.2d 478, 481). Accordingly, we find that the trial court did not abuse its discretion in modifying the judgment to conform to the limits of respondent's liability under Vehicle Code section 17151. (*Escobedo* v. *Travelers Ins. Co.* (1964) 227 Cal.App.2d 353, 361 [38 Cal.Rptr. 645].)

Having decided that the trial court had the right to correct its clerical error by modifying the judgment as it did, the other contentions raised by appellant need not be discussed at length.

*Mistake of Law*

At the trial, respondent's counsel failed to advise the court of the limitation of Vehicle Code section 17151, and failed to request jury instructions accordingly; hence, the excessive amount of the judgment. Appellant contends that respondent's counsel's neglect was not excusable. Respondent's motion to modify the judgment under section 473 was not based upon excusable neglect nor upon inadvertence but was based upon the ground of mistake of law. We need not decide whether respondent's counsel's failure was such a mistake of law as to entitle him to relief under section 473. We note only that the court was able to grant the requested relief under its own statutory powers, upon motion of the injured party or its own motion.

We note in passing, however, that there is precedent for granting relief under section 473 for a reasonable mistake of law by a party's attorney (see *Guenter* v. *Lomas & Nettleton Co.* (1983) 140 Cal.App.3d 460, 466-467 [189 Cal.Rptr. 470]) and that relief may be denied where the trial attorney's mistake of law is inexcusable neglect (*Carroll* v. *Abbott Laboratories, Inc.* (1982) 32 Cal.3d 892, 895 [187 Cal.Rptr. 592, 654 P.2d 775]). There was no such determination in the case at bench.

In the case at bench we note that respondent's counsel's declaration in support of his motion for relief sounds not so much as mistake of law, that is, a misunderstanding of the law as it does of unawareness of the existence of the pertinent law. The declaration contains the following: "The applicability of the statute to the instant matter was not immediately apparent to counsel during the trial and post-trial motion for new trial because it was a factual setting of first impression to the moving party herein. [¶] There has never been a situation within this office's experience where the negligent driver has not been served and made a party defendant to be defended at the time of trial. Therefore, the significance of the statutory limitation imposed by the Vehicle Code was not discovered until all avenues of defense in preparation for appeal was (*sic*) begun by counsel herein."

As the court stated in the much-cited case of *Security Truck Line* v. *City of Monterey* (1953) 117 Cal.App.2d 441, 445 [256 P.2d 366]: "An honest mistake of law is, of course, a valid ground for granting relief [citations], and, in a proper case, where the mistake is an honest one, where the problem involved is complex and debatable, and where there are no elements of negligence, laxness or indifference, may compel the granting of such relief. [Citations.] Ignorance of the law, at least where coupled with negligence in failing to look it up, will not justify a trial court in granting relief [citations], and such facts will certainly sustain a finding denying relief. [Citations.] [¶] There is a somewhat tenuous line between a mistake of law and ignorance of law. The difference is probably only one of degree. In such cases all factors involved must be considered to determine whether relief should be granted or denied."

We need not study all of the factors involved in this case since the court acted within its own statutory and inherent powers.

*Waiver and Estoppel*

Appellant's contention that the doctrines of waiver and estoppel preclude respondent from asking for the relief granted has no merit. Appellant has directed our attention to nothing in the record to serve as the basis of either waiver or estoppel in the context of this case. In the absence of an appellate record to the contrary, we must assume that the trial court hearing the motion determined adversely to appellant on this issue. Further, in the absence of a showing that the trial court abused its discretion in making that determination, we will not substitute our judgment for that of the trial court.

We note that, at oral argument, we reminded counsel for the appellant that both the court and respondent's counsel had obviously overlooked the limitation in Vehicle Code section 17151. At that time, counsel for the appellant stated that during the trial the existence of the limitation of section 17151 had come to his attention and that he had then made "a very fateful decision" to try the case to the ultimate for his client, to try to get the largest verdict he possibly could, and then hope that on the basis of an estoppel-type of theory, and on the basis that the section would not be considered to be a clerical type of error, that a higher court, or the same court, would sustain his position. Counsel conceded that although he was aware of it, the matter of the limitation was not brought to the attention of the trial judge nor of opposing counsel.

*The Decision in Rogers v. Hirschi (1983) 141 Cal.App.3d 847 [190 Cal.Rptr. 575], Is Inapposite.*

Appellant's reliance upon the decision in *Rogers* v. *Hirschi, supra,* 141 Cal.App.3d 847, is misplaced. There, the respondent had a personal injury

cause of action against the decedent's estate but failed to file the requisite creditor's claim within the statutory period. The jury returned a verdict for $175,000 against the executor of the estate. After expiration of the time for filing a notice of appeal, the executor sought and obtained an "Amended Judgment on Special Verdict" limiting the award of damages to the decedent's liability insurance policy limit pursuant to Probate Code section 721. The reviewing court held this to be an impermissible attempt to amend a final judgment. (*Id.*, at p. 851.) The court also found that the respondent was estopped to assert the trial court's excess of jurisdiction. (*Id.*, at pp. 852-853.)

The present case is quite different. ■ Prior to the enactment of the predecessors to Vehicle Code sections 17150 and 17151, ". . . 'no right of action existed against the owner of a vehicle simply because he had given another permission to operate it. Such right of action is clearly a creature of statute which limits the recovery against the owner to [fifteen thousand] dollars, . . . depending on the . . . condition that the right of action does not arise "through the relationship of principal and agent or master and servant." ' " (*Soils* v. *Oilfields Trucking Co., supra,* 90 Cal.App.3d 349, 352-353.) Thus, unlike the situation in *Rogers* v. *Hirschi, supra,* 141 Cal.App.3d 847, in the instant case, appellant never had a right to claim more than $15,000 against the respondent vehicle owner, absent proof of agency or employment. Moreover, we find nothing in the statutes or cases prescribing any formality by which the limitation must be asserted. As we have heretofore noted, the limitation will apply even if called to the court's attention for the first time on appeal. Here, the judgment was properly modified by the trial court within three months following its entry.

### DECISION

The order appealed from is affirmed.

Lui, Acting P. J., and Arabian, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 20, 1984.