Filed 3/11/25  Cattlemens v. Sanchez CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| CATTLEMENS,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MIGUEL SANCHEZ,<br><br>    Defendant and Appellant. | F087774<br><br>(Super. Ct. No. 20CECG01692)<br><br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Fresno County.  Robert M. Whalen, Jr., Judge.

Miguel Sanchez, in pro. per., for Defendant and Appellant.

Geary, Shea, O'Donnell, Grattan & Mitchell, Raymond J. Fullerton, Jr. and Magdalena R. McQuilla for Plaintiff and Respondent.

-ooOoo-

**INTRODUCTION**

In August 2020, respondent Cattlemens obtained a workplace violence restraining order (WVRO) pursuant to Code of Civil Procedure section 527.8[1] against appellant Miguel Sanchez.[2]  In 2022, appellant filed a request to terminate the WVRO, but he did not file a proof of service on respondent or the protected employees, and no parties appeared at the September 12, 2022, hearing on the request.  An unsigned minute order issued after the hearing indicated the case was dismissed without prejudice and the temporary restraining order (TRO) was dissolved/lifted.

In March 2024, the court issued another minute order setting aside the September 2022 minute order, concluding the prior order had inadvertently dismissed the case and dissolved/lifted a TRO.  The March 2024 order reiterated that the 2020 WVRO remained in "full force and effect until August 31, 2025."  Appellant appealed from the March 2024 order, contending the trial court unlawfully issued the WVRO in 2020 and improperly set aside the September 2022 order dismissing the case and dissolving the TRO.

We conclude appellant has failed to carry his burden of establishing the March 2024 set-aside order constitutes reversible error, and we, therefore, affirm.

**FACTUAL BACKGROUND**

**I.      WVRO Filed in June 2020**

In June 2020, Cattlemens sought a WVRO under section 527.8 against appellant on behalf of employees Joyce S., David R., Jose M., Mariah F., D.T., Emily W., and Brianna R.  Cattlemens alleged in the petition that appellant suffers from delusions that he is the owner of Cattlemens restaurant in Selma, and since 2014 he has directed "a multitude of letters, calls, emails, and visits to [Cattlemens], seeking to assert his

---

[1]      All statutory references are to the Code of Civil Procedure unless indicated otherwise.

[2]      Operative as of January 1, 2025, section 527.8 was amended in a manner that is not relevant to the issues here.  Citations to section 527.8 are to the current version of the statute.

2.

ownership of the business.…  But, in fact, he does not have any connection with the company."  The petition also stated appellant has been repeatedly ordered by law enforcement and the court to have no contact with Cattlemens, and appellant was ultimately arrested and imprisoned for his behavior toward the company.

The petition alleged appellant's behavior dramatically escalated when he completed parole, and he had shown up at the restaurant several times and verbally assaulted an employee while using racial epithets, and had made multiple calls to the restaurant, swearing and threatening to come to the restaurant.  According to the petition, the threats included "'shooting up the place,'" and the employees were alarmed and fearful for their well-being.  The petition was supported by the declaration of Mindy J., Human Resources Director for Cattlemens, and the declaration of Joyce S., Office Manager for Cattlemens.  Along with the WVRO, Cattlemens sought a TRO until the hearing on the WVRO.

On June 12, 2020, the court issued an order setting a show-cause hearing on August 31, 2020.  A TRO was granted until the August 31, 2020, hearing.  The TRO was personally served on appellant on August 26, 2020.

A hearing on the petition was held on August 31, 2020.  Joyce S. appeared on behalf of Cattlemens with counsel; appellant did not appear.  The court found "sufficient clear and convincing evidence to warrant issuance of a restraining order, therefore, the permanent injunctive relief is granted.  The conditions of the restraining order are adopted as the order of the Court with the modification on yardage to 100 yards.  The Permanent injunction is to remain in full force and effect for a period of five years from today's date."  A written order was issued the same day, and appellant was personally served with the court's order on September 1, 2020.

## II.     Request to Terminate the August 31, 2020, WVRO and Order Thereon

On August 8, 2022, appellant filed a request to terminate the WVRO.  The request to terminate was made on the ground that it was the product of fraud, misrepresentation

3.

or misconduct by the other party. As we understand the request, appellant maintained he owned Cattlemens, and he had not authorized anyone to seek a restraining order on behalf of his employees.

On August 9, 2022, the court issued an order setting a hearing for September 12, 2022, on appellant's request to terminate. The order directed that the request was to be served on the protected parties five days before the hearing. No proof of service of the request appears in the record.

On September 12, 2022, after a nonrecorded hearing, the court issued a minute order that reflected no appearances were made in the case. The hearing type was labeled as "Show Cause Regard Harassment." The minute order contains a typewritten statement indicating, "No appearances, case is dismissed in court without prejudice. Temporary restraining order is dissolved/lifted." The record contains no proof of service of the minute order.

**III.     Order Setting Aside September 12, 2022, Order**

On September 14, 2023, appellant sent a letter to the court stating he had "filed a request to terminate a [*sic*] unlawful, fraud Workplace Violence Retraining Order August 9, 2022. A hearing was scheduled on 9-12-22 @ 8:30 Am Dept. 404. [¶] I never received the disposition of the request." On September 15, 2023, the court sent a notice of documents returned without filing, which indicated an attached minute order showed the case was dismissed.

On October 16, 2023, counsel for Cattlemens sent a request to the court seeking any documents or filings related to appellant's request to terminate the restraining order.

On February 29, 2024, appellant submitted a letter to the court stating he was informed that the WVRO was still active. Appellant inquired whether the permanent restraining order was still "active" in the case or, alternatively, to be provided with a copy of the minute order dismissing the case.

4.

On March 5, 2024, the court issued a minute order stating, "This action was inadvertently dismissed on September 12, 2022 due to no appearances at the hearing set for request to terminate restraining order when it should be taken off calendar. The dismissal entered on September 12, 2022 is ordered set aside and the permanent restraining order entered on August 31, 2020 remains in full force and effect until August 31, 2025." The order was served by mail on both appellant and Cattlemens. Appellant now appeals from the March 5, 2024, order setting aside the September 12, 2022, order.

## DISCUSSION

### I. No Appellate Jurisdiction Over Challenges to August 31, 2020, Order

As an initial matter, to the extent appellant argues the August 31, 2020, order granting Cattlemens a WVRO is invalid, we have no jurisdiction to consider challenges to that order. An order granting a WVRO is an appealable order. (§ 904. 1, subd. (a)(6) ["An appeal, …, may be taken from … [¶] … [¶] … an order granting or dissolving an injunction, or refusing to grant or dissolve an injunction."].) Where, as here, a party serves a notice of entry of an order, the notice of appeal from that order must, in order to be timely, be filed on or before 60 days after service of the notice. (Cal. Rules of Court, rule 8.104(a)(1)(B).) Appellant did not file an appeal from the August 31, 2020, order.

"California follows a 'one shot' rule under which, if an order is appealable, appeal must be taken or the right to appellate review is forfeited." (*In re Baycol Cases I & II* (2011) 51 Cal.4th 751, 761, fn. 8; see *Kinoshita v. Horio* (1986) 186 Cal.App.3d 959, 967 ["If the ruling *is* appealable, the aggrieved party *must* appeal or the right to contest it is lost."].) Under that rule, we have no discretion to entertain appellate review of an appealable order from which timely appeal was not taken. (§ 906; *Reyes v. Kruger* (2020) 55 Cal.App.5th 58, 67–68.)

Because appellant did not appeal the August 31, 2020, order granting the WVRO, appellant has forfeited any challenge to that order, and we lack jurisdiction to consider

5.

any such challenges.  Further, appellant's appeal from the March 5, 2024, order does not create or confer appellate jurisdiction over the August 31, 2020, order granting the WVRO.  (*City of Santa Paula v. Narula* (2003) 114 Cal.App.4th 485, 490–491 ["'A party who fails to take a timely appeal from a decision or order from which an appeal might previously have been taken cannot obtain review of it on appeal from a subsequent judgment or order.'"].)[3]

## II.     Appellant Has Not Satisfied Burden of Establishing Reversible Error

Appellant argues the September 2022 order dismissed the case and dissolved the WVRO, and the March 2024 order setting aside that order was not lawfully issued.  He points out neither Cattlemens nor the protected employees filed a motion seeking to set aside the court's September 12, 2022, order, nor did they seek reconsideration of that order.  Appellant maintains he had no opportunity to be heard regarding the court's March 5, 2024, order, and its issuance was unlawful and invalid.

Cattlemens argues appellant's 2022 request to terminate the WVRO was not personally served on the protected employees or Cattlemens, nor did he appear at the scheduled hearing—thus, denial of his request was mandatory, and it was clear that is what the court intended to do.  Cattlemens asserts that due to clerical error, the wrong box was checked on the minute order after the hearing, and the court intended to simply deny the motion.  The court's subsequent order on March 5, 2024, corrected that error, indicating it had been made by inadvertence, and clarified the permanent WVRO was still in effect.  Cattlemens maintains the trial court's March 2024 order was a valid exercise of its inherent powers to correct clerical errors, and that it is clear from the record and the

---

[3]     Appellant correctly notes that a WVRO issued under section 527.8, as here, "may have a duration of not more than three years .…"  (*Id.*, subd. (*l*)(1).)  In this case, the WVRO granted on August 31, 2020, has a stated duration of five years.  But because that order was not appealed, we have no jurisdiction to reach that issue.

September 2022 order that the court intended to deny appellant's request but simply marked the wrong box on the form.

### 1. Section 527.8

Pursuant to section 527.8, subdivision (a), an employer may obtain an injunction for the protection of its employee or employees:  "Any employer … of an employee who has suffered harassment, unlawful violence, or a credible threat of violence from any individual, that can reasonably be construed to be carried out or to have been carried out at the work place, may seek a temporary restraining order and an order after hearing on behalf of the employee .…"

Upon filing a petition, the employer may obtain a TRO by making the requisite showing under section 572.8, subdivision (f).  The TRO may be obtained without notice to the respondent and, when granted, is to remain in effect, at the court's discretion, "for a period not to exceed 21 days, or if the court extends the time for hearing under subdivision (i), not to exceed 25 days, unless otherwise modified or terminated by the court."  (§ 527.8, subd. (h).)  Within either 21 or 25 days from the date the petition for a TRO is granted or denied, a hearing shall be held on the petition.  (*Id.*, subd. (i).)  The petitioner must personally serve the respondent with the petition, any TRO issued, and notice of the hearing on the petition.  (*Id.*, subd. (n).)  The respondent is entitled to file a response to the petition (*id.*, subd. (j)), and, at the hearing, the court is to receive any relevant testimony and make an independent inquiry (*id.*, subd. (k).  "If the judge finds by clear and convincing evidence that the respondent engaged in harassment, engaged in unlawful violence, or made a credible threat of violence, an order shall issue prohibiting further harassment, unlawful violence, or threats of violence."  (*Ibid.*)

When an action is filed to terminate or modify a WVRO before its expiration date by a party other than the protected party, the protected party must be given notice under section 1005, subdivision (b), of the proceeding by personal service "or, if the protected party has satisfied the requirements of Chapter 3.1 (commencing with Section 6205) of

Division 7 of Title 1 of the Government Code, by service on the Secretary of State." (§ 527.8, subd. (*l*)(3).) If the protected party cannot be noticed before the hearing, the court must deny the motion to modify or terminate the order without prejudice or continue the hearing until the protected party can be properly noticed. (*Ibid.*) The court may also, upon a showing of good cause, specify another method for service of process that is reasonably designed to afford actual notice to the protected party. (*Ibid.*)

### 2. Analysis

"It is well settled that a court has the inherent power to correct [a] clerical error in its judgment so that the judgment will reflect the true facts." (*Conservatorship of Tobias* (1989) 208 Cal.App.3d 1031, 1034 (*Tobias*).) Under section 473, subdivision (d), the court also has a statutory power to correct clerical errors on its own motion: "The court may, upon motion of the injured party, or its own motion, correct clerical mistakes in its judgment or orders as entered, so as to conform to the judgment or order directed .…" (*Ibid.*) "Clerical error … is to be distinguished from judicial error which cannot be corrected by amendment. The distinction between clerical error and judicial error is 'whether the error was made in rendering the judgment, or in recording the judgment rendered.' [Citation.] Any attempt by a court, under the guise of correcting clerical error, to 'revise its deliberately exercised judicial discretion' is not permitted." (*In re Candelario* (1970) 3 Cal.3d 702, 705.) "'The distinction between a clerical error and a judicial error does not depend so much on the person making it as it does on whether it was the deliberate result of judicial reasoning and determination. [Citations.]' (*Estate of Doane* (1964) 62 Cal.2d 68, 71.)" (*Pettigrew v. Grand Rent-A-Car* (1984) 154 Cal.App.3d 204, 209–210 (*Pettigrew*).)

"'The term "clerical error" covers all errors, mistakes, or omissions which are not the result of the exercise of the judicial function. If an error, mistake, or omission is the result of inadvertence, but for which a different judgment would have been rendered, the error is clerical and the judgment may be corrected to correspond with what it would

8.

have been but for the inadvertence. [Citations.] The court has inherent power to correct such errors. This power extends to striking out findings of fact and conclusions of law and a judgment and substituting wholly different findings of fact and conclusions of law and judgment.'" (*Pettigrew, supra*, 154 Cal.App.3d at p. 210.) "The signing of a judgment, which does not express the actual judicial intention of the court, is clerical rather than judicial error." (*Tobias, supra*, 208 Cal.App.3d at p. 1035; see *Tokio Marine & Fire Ins. Corp. v. Western Pacific Roofing Corp.* (1999) 75 Cal.App.4th 110, 117.) A court may correct clerical mistakes at any time. (*Pettigrew, supra*, at p. 209.)

"Section 473 is addressed to the sound discretion of the trial court and the trial court's order will not be disturbed absent a showing of clear abuse of discretion. [Citation.] Whether the error was clerical in nature is a matter for the trial court to determine." (*Tobias, supra*, 208 Cal.App.3d at p. 1035.)

It is clear from the record that the court intended to deny appellant's request to terminate as the minute order indicates no proof of service of appellant's request was filed and no party appeared at the September 2022 hearing. However, because the minute order dismissed the case and dissolved the TRO, it is possible the trial court mistook the request to terminate as an initial petition for a restraining order under section 527.8, subdivision (*l*)(3), after a TRO had been issued, and erroneously concluded the hearing was to show cause regarding a permanent restraining order. (See § 527.8, subds. (h) & (i).) If that was *in fact* the trial court's mistaken belief, and the court thus intended to dismiss the case and dissolve the TRO based on that mistake of fact, then the error was judicial and not clerical because the minute order accurately reflected the court's deliberate (even if erroneous and mistaken) judicial determination.

On the other hand, if the trial court correctly understood the nature of the request and merely meant to take the matter off calendar and deny the request without prejudice, but the unsigned minute order incorrectly and mistakenly characterized what the trial court had done as ordering a dismissal and dissolving a TRO, then the mistake is clerical.

The record before us gives no affirmative basis to determine which occurred—there is no transcript from the hearing. While the March 2024 minute order characterized the dismissal of the case and dissolution of the TRO as due to inadvertence, that is not dispositive; there is no indication Judge Whalen (who issued the March 2024 order) had personal knowledge of what occurred at the September 2022 hearing, as Judge Cullers presided at that hearing. (*Bastajian v. Brown* (1941) 19 Cal.2d 209, 215 ["The facts within the personal knowledge of the judge may be considered, and in vacating or correcting a clerical error or mistake he may give effect to his own recollection."].) The record does not clarify whether the inadvertence was due to judicial or clerical error.

Given the ambiguity of the record, fundamental presumptions of appellate practice must guide our conclusions. First, we must presume the March 2024 order on appeal is correct, and the court was properly exercising its inherent and statutory powers to correct *clerical* error. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609 (*Jameson*); see *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564 (*Denham*) ["'A judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.'"].) Second, and for this reason, appellant bears the burden of affirmatively establishing reversible error. (*Jameson, supra*, at p. 609.) This latter principle is "'not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.'" (*Ibid.*) "'"[I]f the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed."'" (*Ibid.*) Given this presumption and rule, the high court in *Jameson* observed "the absence of a court reporter at trial court proceedings and the resulting lack of a verbatim record of such proceedings will frequently be fatal to a litigant's ability to have his or her claims of trial court error resolved on the merits by an appellate court." (*Id.* at p. 608.)

Here, the record on appeal contains no reporter's transcript from the September 2022 hearing, and the minute order indicates it was unrecorded. All that is contained in

10.

the record about the September 2022 hearing is the unsigned minute order issued by the court. It is unclear whether the erroneous dismissal of the case and dissolution of a nonexistent TRO was intended by the court, or whether the minute order failed to accurately record the court's intention to deny the request, as required by the law, and take the matter off calendar. Given the record's silence on this issue, appellant cannot show it was reversible error for the court in March 2024 to set aside the September 2022 order as clerical error. (*Denham, supra*, 2 Cal.3d at p. 564 [error must be affirmatively shown]; see *Mountain Lion Coalition v. Fish & Game Com.* (1989) 214 Cal.App.3d 1043, 1051, fn. 9 ["if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed"].) Moreover, in view of the fact appellant's request was one to *terminate* an existing WVRO, there was no legal basis for the trial court to dismiss the case or dissolve a TRO that had long been dissolved. (§ 527.8, subd. (h) [TRO shall remain in effect for a period not to exceed 21 or 25 days].) Under these circumstances, the September 2022 order makes no sense, and provided a basis for the court to subsequently find the dismissal of the case and dissolution of a nonexistent TRO was an inadvertent clerical error—i.e., one reflecting a recordation error in the minute order, rather than a deliberate exercise of judicial discretion that was patently erroneous.

Given the record before us, appellant has not met his burden of establishing the March 2024 order constituted reversible error, and we affirm. (*Denham, supra*, 2 Cal.3d at p. 564; accord, *Jameson, supra*, 5 Cal.5th at p. 609.)

11.

**DISPOSITION**

The trial court's March 2024 order is affirmed.  Costs on appeal are awarded to Cattlemens.

MEEHAN, J.

WE CONCUR:


HILL, P. J.


DeSANTOS, J.