[No. A040131. First Dist., Div. Three. Mar. 17, 1989.]

Conservatorship of the Person and Estate of JAMES PAUL TOBIAS. MARGARET I. HEAPS, Plaintiff and Appellant, v. CYNTHIA TOBIAS, as Conservator, etc., Defendant and Respondent.

**COUNSEL**

Stoddard, Lepper & Falco and Matthew P. Harrington for Plaintiff and Appellant.

Benton F. Gross for Defendant and Respondent.

**OPINION**

**MERRILL, J.**—This appeal is from the trial court's order setting aside certain portions of previous orders settling the 10th and 11th accounts of the former conservator, appellant Margaret I. Heaps. The primary contention raised by Heaps is that the trial court was without authority to grant respondent Cynthia Tobias's motion to vacate the orders pursuant to Code of Civil Procedure[1] section 473. We affirm.

I

Heaps was the conservator of the person and estate of her son, James Paul Tobias, from 1973 until December 1986. In late 1986 she discovered that her investment counselor had absconded with approximately $300,000 from her son's estate and $1.5 million of her own money. An order removing Heaps as conservator was filed on January 2, 1987.[2]

The $300,000 loss in estate funds was reported in Heaps's final accounting. Tobias, the successor conservator, filed an objection to the discharge of Heaps. The February 24, 1987, hearing on the accounting was not reported. However, the minute order from such hearing shows the clerk checked the box marked "Accounting is approved" and, under the category of "OTHER," it was noted, "The Conservator is not discharged." Heaps's counsel prepared an order settling the 10th account and an order settling

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise noted.

[2] The order provided in part: "MARGARET I. HEAPS, the present Conservator, has failed to use ordinary care and diligence in the management of the estate by commingling the funds of the estate with her personal funds, and by making investments not authorized by the Court and contrary to the Court's order. These failures have seriously prejudiced the interests of the Conservatee and the estate and the Conservator MARGARET I. HEAPS should be removed."

the 11th and final account of the conservator. As to both accounts the orders submitted by Heaps's counsel and signed by the court stated, "all acts and transactions relating to matters in that account as set forth are ratified, confirmed and approved." The court deleted language in the orders discharging Heaps as the conservator.

Tobias moved under section 473 to vacate that portion of the order which ratified, confirmed and approved all acts and transactions relating to matters in the final accounting on grounds that it had not been ordered by the court at the February 24, 1987, hearing and that its inclusion in the order was either clerical error or that it was entered through mistake, inadvertence, surprise or excusable neglect.

The trial court granted Tobias's motion under section 473, stating that in approving the accounting, it had been its intention to make no finding which would free Heaps from culpability for the loss.

## II

■ The determinative issue raised by Heaps in her appeal is whether the trial court erred in granting Tobias relief under section 473. Heaps charges that the trial court either abused its discretion or exceeded its jurisdiction in setting aside portions of the orders settling the 10th and 11th accounts. We disagree.

Section 473 in pertinent part provides: "The court may, upon motion of the injured party, or its own motion, correct clerical mistakes in its judgment or orders as entered, so as to conform to the judgment or order directed, and may . . . set aside any void judgment or order." The record in this case demonstrates that the court properly corrected clerical errors in the original orders concerning the 10th and 11th accounts.

■ It is well settled that a court has the inherent power to correct clerical error in its judgment so that the judgment will reflect the true facts. (*In re Candelario* (1970) 3 Cal.3d 702, 705 [91 Cal.Rptr. 497, 477 P.2d 729].) The power of a court to correct clerical mistakes in judgments is also a statutory power pursuant to section 473.

■ A clerical error in the judgment includes inadvertent errors made by the court "which cannot reasonably be attributed to the exercise of judicial consideration or discretion." (*Bowden* v. *Green* (1982) 128 Cal.App.3d 65, 71 [180 Cal.Rptr. 90], citing *Estate of Goldberg* (1938) 10 Cal.2d 709, 715 [76 P.2d 508]; *Pettigrew* v. *Grand Rent-A-Car* (1984) 154 Cal.App.3d 204, 209-210 [201 Cal.Rptr. 125].) "Clerical error . . . is to be distinguished

from judicial error which cannot be corrected by amendment. The distinction between clerical error and judicial error is 'whether the error was made in rendering the judgment, or in recording the judgment rendered.' [Citation.] Any attempt by a court, under the guise of correcting clerical error, to 'revise its deliberately exercised judicial discretion' is not permitted. [Citation.]" (*In re Candelario, supra,* 3 Cal.3d at p. 705.) A judicial error is the deliberate result of judicial reasoning and determination. (*Estate of Doane* (1964) 62 Cal.2d 68, 71 [41 Cal.Rptr. 165, 396 P.2d 581].)

The court's inherent power to correct clerical errors includes errors made in the entry of the judgment or due to inadvertence of the court. "The term 'clerical error' covers all errors, mistakes, or omissions which are not the result of the exercise of the judicial function. If an error, mistake, or omission is the result of inadvertence, but for which a different judgment would have been rendered, the error is clerical and the judgment may be corrected . . . ." (*George v. Bekins Van & Storage Co.* (1948) 83 Cal.App.2d 478, 480-481 [189 P.2d 301].) The signing of a judgment, which does not express the actual judicial intention of the court, is clerical rather than judicial error. (*In re Marriage of Kaufman* (1980) 101 Cal.App.3d 147, 151 [161 Cal.Rptr. 538]; *Zisk v. City of Roseville* (1976) 56 Cal.App.3d 41, 47 [127 Cal.Rptr. 896], citing *Bastajian v. Brown* (1941) 19 Cal.2d 209, 216 [120 P.2d 9].)

■ Section 473 is addressed to the sound discretion of the trial court and the trial court's order will not be disturbed absent a showing of clear abuse of discretion. (*Zirbes v. Stratton* (1986) 187 Cal.App.3d 1407, 1411 [232 Cal.Rptr. 653].) Whether the error was clerical in nature is a matter for the trial court to determine. (*Bastajian v. Brown, supra,* 19 Cal.2d at p. 215; *McLellan v. McLellan* (1972) 23 Cal.App.3d 343, 358 [100 Cal.Rptr. 258].) Great weight should be placed on the trial court's declaration as to its intention in signing the judgment as the nature of the error is seldom clear from the record or other extrinsic evidence. (*Bowden v. Green, supra,* 128 Cal.App.3d at p. 71.)

■ Applying these principles to the facts in the instant case, it is apparent that the errors in the original written orders were clerical. The record discloses the court's intention was to approve the facts as set out in the accounting but not approve the acts and transactions of Heaps. In the first place, the original orders approving the accountings clearly set forth that Heaps was not discharged. In the order granting relief under section 473, the trial court stated: "While these accountings are accepted as accurately reflecting what took place, portions of those Orders dated and filed February 24, 1987, are hereby set aside and vacated so far as the aforesaid Orders authorize, approve or ratify any acts or omissions of MARGARET I.

HEAPS during the aforesaid accounting periods and/or settle and/or approve the accounts." At the hearing on the section 473 motion the trial court explained its intention with respect to signing the orders in question. The court stated it was not its intention to relieve the former conservator of liability. The court stated: "All I am making a finding on is that we'd proceed making the distributions, and pay the fees, but I would not agree to the discharge of the [former] conservator, so that she remained potentially culpable. [¶] Now, the accounting recites what took place, and all you're asking is that not act as a shield to protect the conservatee—conservator from any subsequent lawsuit, and that was the Court's intent in that matter." The court also stated that it was its intent to have the matter of Heaps's liability for the loss resolved by a determination on the merits and not by "a technical defect in the order." As the hearing on the accounts was unreported, nothing in the record contradicts the court's statement of its intention.

It can reasonably be concluded that the language included in the court's original written orders, to the effect that Heaps's acts or omissions "are ratified, confirmed and approved" was not the result of a deliberate exercise of judicial discretion. The oral rulings of the court from the bench at the time of the hearing did not include this language. The court intended to defer the determination of Heaps's liability to a later time. It clearly did not intend to make a finding approving her actions in connection with the $300,000 loss to the estate. The orders in question, therefore, did not accurately reflect the court's intention and its error in signing the orders submitted to it was inadvertent and clerical. The court's granting of the motion to set aside pursuant to section 473 was neither an abuse of discretion nor an act in excess of the court's jurisdiction.

### III

█ Appellant Heaps further contends that the judgment should be reversed as Probate Code section 2103[3] provides that an approval of the accounting effectively released her from liability for the loss. However, in view of the fact that we have ruled that the trial court was not in error in

---

[3] Probate Code section 2103 provides: "(a) Unless reversed on appeal, a judgment, order, or decree made pursuant to this division is final and releases the guardian or conservator and the sureties from all claims of the ward or conservatee and of any persons affected thereby based upon any act or omission directly authorized, approved, or confirmed in the judgment, order, or decree. For the purposes of this section, 'order' includes an order settling an account of the guardian or conservator, whether an intermediate or final account. [¶] (b) This section does not apply where the judgment, order, or decree is obtained by fraud or conspiracy or by misrepresentation contained in the petition or account or in the judgment, order, or decree as to any material fact. For the purposes of this subdivision, misrepresentation includes but is not limited to, the omission of a material fact."

setting aside the very language relied upon by Heaps, this argument is to no avail.

The order of the superior court setting aside portions of the orders settling the 10th and 11th accounts, is affirmed.

White, P. J., and Barry-Deal, J., concurred.