Filed 8/23/16  P. v. Roots-Scott CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C079443 |
| v. | (Super. Ct. No. 15F02103) |
| DONALD ROOTS-SCOTT, | |
| Defendant and Appellant. | |

An amended complaint charged defendant Donald Roots-Scott with, among other things, felony carrying a concealed firearm (Pen. Code, § 25400, subd. (a)(1) -- count two) and misdemeanor possession of concentrated cannabis (Health & Saf. Code, § 11357, subd. (a) -- count four).  On May 27, 2015, the prosecutor sought further amendment of count four to replace Health and Safety Code section 11357,

1

subdivision (a) with Health and Safety Code section 11357, subdivision (c). The trial court said the correction had already been made on the court's copy. The prosecutor added that instead of "concentrated cannabis" count four should say "less than 28 grams of marijuana" There was no objection, the trial court said it would make that amendment, and it read the amended count four into the record, indicating that count four charged defendant with a misdemeanor violation of Health and Safety Code section 11357, subdivision (c), in that he unlawfully possessed less than 28 grams of marijuana.

At the same hearing, defendant pleaded no contest to counts two and four. The factual basis for the plea was as follows: On April 4, 2015, defendant was contacted by law enforcement officers and found to be in possession of a loaded .40-caliber Taurus semiautomatic firearm. The firearm was concealed in a vehicle of which defendant was not the registered owner. The parties stipulated that, on the same day, defendant also committed a misdemeanor by possessing "less than 28 grams of marijuana" in violation of Health and Safety Code, section "11357(c)." The trial court suspended imposition of sentence and placed defendant on formal probation for five years with 90 days in county jail, minus credit for time served.[1]

On December 10, 2015, this court granted defendant's application to file a late request for certificate of probable cause in the trial court. Defendant filed, and the trial court granted, a request for certificate of probable cause.

Defendant now points out that Health and Safety Code section 11357, subdivision (c) applies to misdemeanor possession of *more than* 28.5 grams of marijuana, but defendant pleaded no contest to possessing less than 28 grams, which is an infraction under Health and Safety Code section 11357, subdivision (b). Accordingly, he contends

---

[1] The appellate record contains only four of the five pages listing the conditions of probation, omitting page 3.

(1) in order to provide him with the benefit of his plea, his count four conviction should be modified to constitute a conviction under Health and Safety Code section 11357, subdivision (b), or (2) in the alternative, his misdemeanor conviction under Health and Safety Code section 11357, subdivision (c) should be modified because it was the result of ineffective assistance of counsel.

We conclude the references to Health and Safety Code section 11357, subdivision (c) constituted inadvertent clerical errors inconsistent with defendant's plea to possession of less than 28 grams of marijuana. Accordingly, we will affirm the judgment and direct the trial court to correct the court's records in this case to reflect that defendant was convicted on count four of violating Health and Safety Code section 11357, subdivision (b), an infraction.

### DISCUSSION

Defendant contends that in order to provide him with the benefit of his plea, his count four conviction should be modified to constitute a conviction under Health and Safety Code section 11357, subdivision (b). The People agree, and we do too. Accordingly, we need not address defendant's alternative contention that his conviction should be modified because it was the result of ineffective assistance of counsel.

Health and Safety Code section 11357, subdivision (b) provides: "Except as authorized by law, every person who possesses not more than 28.5 grams of marijuana, other than concentrated cannabis, is guilty of an infraction punishable by a fine of not more than one hundred dollars ($100)." Subdivision (c) of that section provides: "Except as authorized by law, every person who possesses more than 28.5 grams of marijuana, other than concentrated cannabis, shall be punished by imprisonment in a county jail for a period of not more than six months or by a fine of not more than five hundred dollars ($500), or by both such fine and imprisonment."

As a general rule, a record that is in conflict will be harmonized if possible. (*People v. Smith* (1983) 33 Cal.3d 596, 599.) If it cannot be harmonized, whether one

3

portion of the record should prevail as against contrary statements in another portion of the record will depend on the circumstances of each particular case. (*Ibid.*) But "reasonable doubts in determining the identity of the offense charged are to be resolved in the defendant's favor." (*People v. Schueren* (1973) 10 Cal.3d 553, 558.)

"A trial court may correct a clerical error, but not a judicial error, at any time. A clerical error is one that is made in recording the judgment; a judicial error is one that is made in rendering the judgment. [Citations.]" (*People v. Turrin* (2009) 176 Cal.App.4th 1200, 1205; accord, *Rochin v. Pat Johnson Manufacturing Co.* (1998) 67 Cal.App.4th 1228, 1238; *In re Candelario* (1970) 3 Cal.3d 702, 705.) Clerical errors include "inadvertent errors made by the court 'which cannot reasonably be attributed to the exercise of judicial consideration or discretion.' " (*Conservatorship of Tobias* (1989) 208 Cal.App.3d 1031, 1034; *Bowden v. Green* (1982) 128 Cal.App.3d 65, 71.) In contrast, "judicial error is the deliberate result of judicial reasoning and determination." (*Conservatorship of Tobias,* at p. 1035.) " 'The test is simply whether the challenged judgment was made or entered inadvertently (clerical error) or advertently (judicial error).' " (*Bowden*, at p. 71.)

Here, it is clear from the record that the references to Health and Safety Code section 11357, subdivision (c) were inadvertent errors " 'which cannot reasonably be attributed to the exercise of judicial consideration or discretion.' " (*Conservatorship of Tobias, supra*, 208 Cal.App.3d at p. 1034.) Notwithstanding the repeated erroneous references to Health and Safety Code section 11357, subdivision (c), a misdemeanor, everyone involved -- defendant, counsel, and the trial court -- acknowledged and understood that defendant was charged with, pleaded to, and was convicted of, being in possession of *less than* 28 grams of marijuana. That crime is codified in Health and Safety Code section 11357, subdivision (b), not subdivision (c).

Accordingly, the inadvertent references to subdivision (c) constitute clerical errors. We will direct the trial court to correct the court's records in this case to reflect

that defendant was convicted on count four of violating Health and Safety Code section 11357, subdivision (b).

## DISPOSITION

The judgment is affirmed. The trial court is directed to correct its records, including its May 27, 2015 minute order, to reflect that defendant was convicted on count four of violating Health and Safety Code section 11357, subdivision (b), an infraction.

 

 

 

      /S/                
MAURO, J.

We concur:

 

 

     /S/              
HULL, Acting P. J.

 

 

     /S/              
MURRAY, J.