Filed 9/21/22

CERTIFIED FOR PUBLICATION


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| Estate of BILLY JOE DOUGLAS, Deceased. | C093301 |
| AUDREY DOUGLAS, as Administrator, etc.,<br>Petitioner,<br><br>v.<br><br>JOANNA DOUGLAS-DORSEY,<br><br>Objector and Appellant;<br><br>NEUMILLER & BEARDSLEE, A.P.C.,<br><br>Claimant and Respondent. | (Super. Ct. No.<br>STKPREST20070000442) |

APPEAL from a judgment (order) of the Superior Court of San Joaquin County, Elizabeth Humphreys, Judge. Affirmed.

Charles R. Perry for Objector and Appellant.

Neumiller & Beardslee, Clifford W. Stevens, Melissa Tong, and Thomas H. Terpstra for Claimant and Respondent.


Respondent, Neumiller & Beardslee, filed a renewal request for a 2008 judgment and identified Estate Administrator Audrey Douglas as the judgment debtor without

1

stating she was named in her role as the administrator of an estate as set forth in the original judgment. When it discovered this, respondent filed a motion to correct the error. The trial court granted that motion and corrected the judgment nunc pro tunc. Joanna Douglas-Dorsey, who is a beneficiary of the estate, and the appellant here, appealed asserting the trial court erred in correcting that error because it was not a clerical error. Remembering the "law respects form less than substance" (Civ. Code, § 3528), we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Audrey Douglas is the administrator of the Estate of Billy Joe Douglas (estate). On December 17, 2008, the trial court issued an "order approving waiver of account, report, and petition of administrator for its approval, for order to pay statutory attorneys' fees and costs, for order for final distribution and request for reimbursement of graduated filing fee" (judgment). (Capitalization omitted.) The judgment identified Audrey Douglas as the petitioner in that judgment. The judgment provided that "Petitioner [was] authorized and directed to pay to [respondent] attorneys fees in the sum of $30,860.00 for ordinary services rendered and [$]66,384.00 for extraordinary services and $2,914.39 for costs."

On July 31, 2015, respondent filed an "application for and renewal of judgment" (capitalization omitted) on the Judicial Council form pursuant to Code of Civil Procedure,[1] section 683.110. In the judgment debtor section, it identified the judgment debtor as "Audrey Douglas," and did not state she was a party to the action in her representative capacity as administrator of the estate. That same day, the clerk issued the notice of renewal of the judgment as requested by respondent.

On August 14, 2020, respondent filed a motion to correct a clerical error in the application for and renewal of the judgment and the renewal as entered. It sought to

---

[1]     Unspecified statutory references are to the Code of Civil Procedure.

2

correct the order nunc pro tunc to insert "Administrator of the Estate of Billy Joe Douglas" next to the judgment debtor's name. Respondent asserted this clerical error could be corrected and represented it was made by respondent's office.

Appellant opposed the motion, arguing the clerk's entry of the renewal morphed the judgment into a personal obligation of Audrey Douglas, rather than an obligation of her in her capacity as administrator. She argued this action freed the assets of the estate from the judgment during that lapse. She asserted the entry of this "new" judgment did not constitute a clerical error. She further asserted no evidence was submitted to explain why this oversight occurred. Audrey Douglas also separately opposed the motion.

The trial court granted the motion and amended the renewed judgment to the correct judgment debtor's name nunc pro tunc to the date the renewal was entered. The court found, "Owing to a clerical error, it appears the Application for and Renewal of Judgment filed by this Court on July 31, 2015, . . . does not correctly set forth the Judgment Debtor's name as rendered by this court in the underlying judgment."

Appellant filed this timely appeal.

## DISCUSSION

Appellant contends the trial court erred in granting the motion to correct the clerical error because this was an error made by counsel, not the court. Further, appellant argues there is no evidence how the error occurred, thus the trial court could not correct it as a clerical error. We disagree.

### I

### *Standard Of Review*

Appellant first argues the standard of review is de novo because the relevant facts are undisputed, citing *Ghirardo v. Antonioli (*1994) 8 Cal.4th 791. We do not find this case persuasive. In *Ghirardo*, our Supreme Court concluded the determination of whether a trial court's finding a transaction was usurious was subject to de novo review because the facts were undisputed *and* the question of usury is a mixed question of fact

3

and law. (*Id.* at pp. 799-800.) This case provides no guidance on the standard of review as to whether a clerical error was properly corrected. Rather the trial court's rulings on motions under section 473 lie within the sound discretion of the trial court and we will not disturb those rulings absent a showing of clear abuse of discretion. (*Conservatorship of Tobias* (1989) 208 Cal.App.3d 1031, 1035.)[2]

## II

### *Statutory Process For Renewal Of Judgment*

Under section 683.120, a "judgment creditor may renew a judgment by filing an application for renewal of the judgment with the court in which the judgment was entered." That application can be filed any time before the expiration of the 10-year period of enforceability provided by section 683.020. (§ 683.130, subd. (a).) Section 683.140 sets forth the requirements of the application for renewal, which include, among other things: the title of the court, the case number, the date of entry of the judgment and any renewals, the name and address of the judgment creditor and judgment debtor, and in the case of a money judgment, the information necessary to compute the amount of the judgment as renewed.

"Upon the filing of the application, the court clerk shall enter the renewal of the judgment in the court records." (§ 683.150.) The "entry of the renewal of the judgment is purely ministerial." (*Jonathan Neil & Associates, Inc. v. Jones* (2006) 138 Cal.App.4th 1481, 1487.) "[R]enewal does not create a new judgment or modify the present judgment. Renewal merely extends the enforceability of the judgment. (*Id.* at p. 1489.)

---

[2]     In her reply brief, appellant also argues *Cruz v. Fagor America, Inc.* (2007) 146 Cal.App.4th 488, compels us to review this matter de novo. In that case, however, the appellate court noted the question to be decided was whether the underlying judgment was void, which was a question it examined under a de novo standard. Here, neither party argues about the validity of the underlying judgment. (*Id.* at pp. 496-497.)

III

*Correction Of Error*

Section 473, subdivision (d) provides, "The court may, upon motion of the injured party, or its own motion, correct clerical mistakes in its judgment or orders as entered, so as to conform to the judgment or order directed, and may, on motion of either party after notice to the other party, set aside any void judgment or order."

"It is well settled that a court has the inherent power to correct [a] clerical error in its judgment so that the judgment will reflect the true facts. [Citation.] The power of a court to correct clerical mistakes in judgments is also a statutory power pursuant to section 473." (*Conservatorship of Tobias*, *supra*, 208 Cal.App.3d at p. 1034.)

"A clerical error in the judgment includes inadvertent errors made by the court 'which cannot reasonably be attributed to the exercise of judicial consideration or discretion.' [Citations.] 'Clerical error . . . is to be distinguished from judicial error which cannot be corrected by amendment. The distinction between clerical error and judicial error is "whether the error was made in rendering the judgment, or in recording the judgment rendered." [Citation.] Any attempt by a court, under the guise of correcting clerical error, to "revise its deliberately exercised judicial discretion" is not permitted. [Citation.]' [Citation.] A judicial error is the deliberate result of judicial reasoning and determination." (*Conservatorship of Tobias*, *supra*, 208 Cal.App.3d at pp. 1034-1035.) " 'The term "clerical error" covers all errors, mistakes, or omissions which are not the result of the exercise of the judicial function. If an error, mistake, or omission is the result of inadvertence, but for which a different judgment would have been rendered, the error is clerical and the judgment may be corrected . . . .' " (*Id.* at p. 1035.)

Appellant urges us to consider *Machado v. Myers* (2019) 39 Cal.App.5th 779, for the proposition no clerical error occurred here. We disagree.

5

In *Machado*, the parties orally entered into a settlement agreement before the trial court. (*Machado v. Myers*, *supra*, 39 Cal.App.5th at pp. 783-786.) During subsequent contested proceedings, in conjunction with its motion to enforce the settlement agreement under section 664.6, one party submitted an application to the court to enter a proposed form of judgment that changed a material term of the settlement agreement because they contended the other party had breached the original agreement. (*Machado*, at pp. 788-789.) The trial court entered that judgment as requested. (*Ibid.*) The appellate court concluded this was error, but held the litigants were not entitled to set aside the judgment under section 437, subdivision (d) as a clerical error because the court's error was a judicial one. (*Machado*, at pp. 792, 798.) The appellate court concluded the injured party was seeking to correct the language of the judgment intentionally adopted by the trial court upon an application to the court, which was a judicial error not a clerical error. (*Id.* at p. 798.)

Contrasted with *Machado* is *Ames v. Paley* (2001) 89 Cal.App.4th 668. In that case, the court intended to enter a settlement agreement in conformance with the precise agreement of the parties, but the submitted application contained an error as to a date. (*Id.* at pp. 671-672.) The appellate court concluded this was a correctable clerical error "because the trial court intended to enter judgment pursuant to the settlement agreement, to the extent the judgment failed to conform to the terms of the settlement agreement, the trial court retained the inherent power to correct the judgment nunc pro tunc some three months after entry of the judgment." (*Id.* at p. 674.)

We conclude the error here is a clerical error not a judicial error. The original judgment identifies the judgment debtor as Audrey Douglas, in her capacity as administrator. Respondent did not apply to the court via motion or application to change or alter that judgment in any way. Instead, respondent applied to the clerk to renew that existing judgment using the Judicial Council form and failed to include the capacity of the judgment debtor. The clerk's entry of the renewal based on that application was

6

ministerial, not judicial (*Rubin v. Ross* (2021) 65 Cal.App.5th 153, 165), and created no new or separate judgment, but merely extended the time in which the original judgment could be enforced (*Jonathan Neil & Associates, Inc. v. Jones*, *supra*, 138 Cal.App.4th at p. 1489).  As such, there was no exercise of judicial discretion, judicial reasoning, or judicial determination connected to this application.  The trial court did not abuse its discretion in determining this was a clerical error.

Appellant further argues the trial court erred because it had no evidence before it as to how respondent made the error or the court clerk's thought process, citing *In re Candelario* (1970) 3 Cal.3d 702.  In *Candelario*, the trial court neglected to indicate the defendant had a prior conviction when it orally pronounced defendant's sentence. (*Id.* at p. 704.)  Neither the court minutes nor the original abstract of judgment contained any reference to the conviction.  (*Ibid.*)  In holding the abstract could not be corrected as a clerical error, our Supreme Court concluded the trial court's silence on this issue during its oral pronouncement may have been an act of lenity and the court could not correct this oversight as a clerical error.  (*Id.* at pp. 706-707.)

This holding simply illustrates the rules set forth above.  The oral pronouncement of judgment in a criminal case is the judicial act of sentencing and is distinguished from the ministerial act of the clerk entering the judgment in the minutes or record of the court. (*People v. Hartsell* (1973) 34 Cal.App.3d 8, 13.)  Errors in the latter clerical process may be corrected as clerical errors, but errors in the judicial pronouncement may not.

Here, the entry of the judgment was accomplished when the original judgment was issued by the trial court in 2008.  The clerk's renewal of that judgment without specifying the judgment debtor's capacity was a clerical error.[3]  Evidence as to how this error

---

[3]     Because we conclude the trial court did not err in correcting the judgment, we have no occasion to address appellant's argument whether the judgment could be corrected under section 473, subdivision (b).

7

occurred was before the court when it had the original judgment, counsel's representation as to how it improperly filled out the form, and the renewal document. No more was necessary for the trial court to determine this was a clerical error and order it corrected.

DISPOSITION

We affirm. Respondent shall recover costs on appeal. (Cal. Rules of Court, rule 8.278(a)(2).)


/s/
Robie, Acting P. J.



We concur:


/s/
Mauro, J.


/s/
Krause, J.