Filed 11/21/22 Marriage of Wallis CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re Marriage of DOUGLAS and ANGELA SIMONE WALLIS. | |
| DOUGLAS WALLIS,<br><br>    Appellant,<br><br>        v.<br><br>ANGELA SIMONE WALLIS,<br><br>    Respondent. | G060546<br><br>(Super. Ct. No. 13D003065)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Daphne Grace Sykes, Judge. Motion to dismiss appeal denied. Affirmed.

Conrad & Associates, John Christian Conrad; and Merritt McKeon for Appellant.

Law Offices of Lisa R. McCall, Lisa R. McCall, and Erica M. Baca for Respondent.

*          *          *

This is an appeal from a family court order setting aside a date of separation finding in a "status only" judgment of dissolution. We find no abuse of discretion and affirm.

During their marriage dissolution proceedings, the parties disputed their date of separation: Douglas Wallis maintained it was in 2011, while Angela Simone Wallis (Simone) maintained it was in 2013.[1] Simone sought a separate trial on the date of separation; Douglas sought a "status only" judgment of dissolution.

The hearing on both matters was scheduled for the same day. Simone, who was unrepresented and living abroad at the time, did not appear. Proceeding in her absence, the family court heard testimony from Douglas relevant to the parties' marital status and then signed a "status only" judgment prepared by Douglas's counsel. Page two of that "status only" judgment included a finding that the parties' date of separation was in 2011.

About sixteen months later, Simone moved to set aside the date of separation finding in the "status only" judgment, asserting the inclusion of that finding was a clerical error that should be corrected under Code of Civil Procedure[2] section 473, subdivision (d) (section 473(d)). The family court set aside the date of separation finding, and Douglas appeals that order.

Section 473(d) allows a trial court to correct a clerical error in a judgment at any time. The record suggests the court inadvertently signed what it believed to be a

---

[1] We refer to the parties by their first names for the sake of clarity; we mean no disrespect.

[2] All further undesignated references are to the Code of Civil Procedure.

"status only" judgment, when in fact the judgment resolved not only the parties' marital status, but also the contested issue of their date of separation. Resolving all ambiguities in favor of the challenged order, as we must, we find the family law court acted well within its discretion here and affirm.

## FACTS

Douglas and Simone were married in 2009. Their first two children were born in 2009 and 2010.

Douglas filed a petition for dissolution in April 2013. Simone gave birth to their third child later that year in December.

Douglas and Simone disagree about their date of separation. According to Douglas, the couple separated in October 2011. According to Simone, they did not separate until April 2013, thus increasing her community interest in Douglas's 401(k) accounts.

Simone requested a separate trial on the date of separation. Meanwhile, Douglas filed a request to bifurcate the issue of the parties' marital status and asked the family court to enter a "status only" judgment of dissolution.[3] Both matters were continued to September 24, 2019.

---

[3] In dissolution proceedings, the family court may sever and grant an early and separate trial on the issue of dissolution of marriage status; it may then enter a judgment granting a dissolution of the status of the marriage and expressly reserving jurisdiction for later determination of all other pending issues, such as division of the community estate. (Fam. Code, § 2337, subd. (a) & (f).) As one treatise explains, "A bifurcated proceeding is particularly appropriate where the parties want their marriage terminated as soon as legally possible (e.g., so they will be free to remarry) but substantial time will be required to resolve complex property, support and/or custody issues. The bifurcation allows a judgment of dissolution to be entered ('status only' judgment), reserving jurisdiction to resolve the contested issues thereafter." (Hogoboom & King, Cal. Practice Guide: Family Law (The Rutter Group 2022) ¶ 11:476.1, p. 11-153.)

Simone, who was unrepresented by counsel at the time, was living in Germany; she did not appear for the September 24 hearing. After determining Simone had been properly notified of the hearing, the family court conducted the hearing in her absence and asked Douglas's counsel[4] how she wanted to proceed. Counsel replied, "I was just going to [in]quire of the general information in order to take status." Counsel then asked Douglas a short series of questions to support the entry of a "status only" judgment, including a question concerning the parties' date of separation.[5]

After hearing Douglas's testimony, the family court delivered the following ruling from the bench: "The court does find that irreconcilable differences have arisen between the parties leading to the irremediable breakdown of the marital relationship. The court further finds that counseling or the passage of time or assistance from [the] court would not help in restoring the relationship between the parties. Accordingly, the court grants the degree of [dissolution] of the marriage. The court [ac]quired jurisdiction of these parties on May 1st, 2013. As such, the decree shall be final upon signing of the appropriate judgment. I have the judgment for status only in my hand that I've just signed and dated." There was no further discussion at the hearing regarding the date of separation, and the court made no express findings concerning the date of separation.

The family court's minute order from the hearing recites that the court "grant[ed] the motion to bifurcate" and granted the "Judgment of Dissolution." The minute order does not mention anything regarding the parties' date of separation.

---

[4]     At the time of the September 2019 hearing, Douglas was represented by Carly R. Croskey.

[5]     Douglas testified that everything in his dissolution petition was true and correct, that he married Simone on February 2, 2009, that they separated on October 3, 2011, that irreconcilable differences had arisen between them, that neither the passage of time nor assistance from the court would help repair their marriage, that he asks to be restored to the status of a single person, and that he had been a resident of Orange County for at least six months when he filed his petition.

4

The "status only" judgment that the family court signed that same day was prepared by Douglas's counsel using the FL-180 form. On page one, the checked boxes indicated the judgment was for "[s]tatus only," the proceeding was "[c]ontested," the judgment of dissolution was entered and the parties were restored to the status of single persons on September 24, 2019, and "[j]urisdiction [was] reserved on all other issues, and all present orders [were to] remain in effect except as provided below." On page two, the judgment identified the parties' three children and their respective birthdays (§ 4i(1)), and then next to a checked box marked "Other" (§ 4o), the following words were typed onto the form: "DATE OF MARRIAGE IS FEBRUARY 2, 2009. DATE OF SEPARATION IS _____. BIFURCATION OF STATUS OF MARRIAGE." The date of "10/3/2011" was written by hand into the blank.

Simone later retained counsel, and in February 2021, she filed a motion to set aside the date of separation finding in the September 2019 "status only" judgment. Simone argued that the judgment should be set aside under Family Code sections 2120, 2121, and 2122 because it was procured by fraud—specifically, Douglas's counsel presented what she described as a "status only" judgment for the family court's signature, when in fact the judgment addressed not only marital status but also the date of separation. Simone alternatively argued the inclusion of a date of separation finding in the judgment was a clerical error and should be corrected under section 473(d), which allows a trial court to correct clerical mistakes in judgments or orders on its own motion or on the motion of the injured party.

Douglas opposed Simone's set aside motion, asserting the dates of the marriage and separation were both at issue during the bifurcated trial, the trial went forward as a default, and Simone "must live with the consequences" of her failure to appear.

The judge who heard Simone's set aside motion in April 2021 was the same judge who had presided over the September 2019 hearing and entered the "status

5

only" judgment. After hearing oral argument, the family court found no fraud had occurred, but on its own motion set aside the portion of the judgment setting the date of separation. The court noted Simone had properly put the date of separation at issue, and given the "significant difference" between the parties' claimed separation dates, an evidentiary hearing was warranted "in the interest of justice." The court also noted it was giving "more weight" to Simone's arguments, but it did not elaborate what it meant by that.

The family court memorialized its ruling as follows in a May 10, 2021 Findings and Order After Hearing: "1. The Court, on its own motion, grants [Simone's] request to set aside the Date of Separation finding in the Status Only Judgment filed September 24, 2019 and set a trial for the date of separation. [¶] 2. Paragraph 4o of the Judgment for Status only filed on September 24, 2019 that states, 'Date of Separation is 10/3/2011' is stricken. All other orders set forth in the Judgment for Status Only filed on September 24, 2019 shall remain in full force and effect. [¶] 3. The Trial regarding the parties' date of separation shall be heard on June 14, 2021 and June 15, 2021 at 10:30 a.m. in Department L64. All other remaining issues shall trail the date of separation trial." Douglas appeals from that order.[6]

## DISCUSSION

Douglas contends the family court exceeded its jurisdiction when it set aside the judgment over a year after it was entered. Simone counters that the court

---

[6] As an initial matter, Simone argues we must dismiss Douglas's appeal because the order setting aside the date of separation finding is not an appealable order. We disagree. An order correcting a clerical error in a judgment is appealable as a postjudgment order. (§ 904.1, subd. (a)(2); see, e.g., *Ames v. Paley* (2001) 89 Cal.App.4th 668, 672, fn. 3; see also *Bowden v. Green* (1982) 128 Cal.App.3d 65, 68, fn. 1 [order denying motion to correct clerical error in judgment is appealable].) We therefore reach the merits of Douglas's appeal.

6

properly corrected the judgment under section 473(d), which permits trial courts to correct clerical mistakes in a judgment at any time. We agree with Simone.

"It is well settled that a court has the inherent power to correct clerical error in its judgment so that the judgment will reflect the true facts. [Citation.] The power of a court to correct clerical mistakes in judgments is also a statutory power pursuant to section 473." (*Conservatorship of Tobias* (1989) 208 Cal.App.3d 1031, 1034 (*Tobias*).)

Section 473(d) provides that a trial court "'may, upon motion of the injured party, or its own motion, correct clerical mistakes in its judgment or orders as entered, so as to conform to the judgment or order directed.'" (*Tobias, supra,* 208 Cal.App.3d at p. 1034.) The term "clerical error" refers to any error, mistake, or omission that is not the result of the exercise of judicial function, but rather the result of inadvertence. (*Id.* at pp. 1034-1035; see, e.g., *Martin v. Ray* (1946) 74 Cal.App.2d 922, 928 [court could correct clerical error in a judgment prepared by counsel and signed by the judge where the judgment failed to include a provision set forth in the judge's prior memorandum of decision].) A court may correct clerical mistakes at any time. (*Pettigrew v. Grand Rent-A-Car* (1984) 154 Cal.App.3d 204, 209 (*Pettigrew*) [court's power to correct clerical mistakes "is not lost by mere lapse of time"]; see § 473(d) [making no mention of any time restrictions on the court's ability to correct clerical mistakes]; contrast § 473, subd. (b) [setting six month deadline for seeking relief from mistake, inadvertence, surprise, or excusable negligent].)

Clerical mistakes must be distinguished from judicial errors, which may only be corrected by a motion to set aside (§ 473, subd. (b)), a motion to vacate and enter different judgment (§§ 663, 663a), a motion for new trial (§ 656 *et seq.*), or on appeal. (See Eisenberg, et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2021) ¶ 7:18, p. 7-10.) Unlike a clerical error, which results when the judgment misstates the court's actual intent and was entered inadvertently, a judicial error results when the judgment entered, though erroneous, was intended, advertent, and the deliberate result of

7

judicial reasoning and consideration. (*Burch v. CertainTeed Corp.* (2019) 34 Cal.App.5th 341, 346; *Tokio Marine & Fire Ins. Corp. v. Western Pacific Roofing Corp.* (1999) 75 Cal.App.4th 110, 117-118 (*Tokio Marine*); *Tobias, supra*, 208 Cal.App.3d at p. 1035.) "Unless the challenged portion of the judgment was entered inadvertently, it cannot be changed post judgment under the guise of correction of clerical error." (*Tokio Marine,* at p. 117.)

Any decision to correct a clerical error under section 473(d) is left to the sound discretion of the trial court; "the trial court's order will not be disturbed absent a showing of clear abuse of discretion." (*Tobias, supra*, 208 Cal.App.3d at p. 1035.) This deferential standard especially makes sense when, as here, the judicial officer who corrected the clerical error is the same judicial officer who was presiding when the alleged error was made. (See *Miller v. Wood* (1963) 222 Cal.App.2d 206, 211 ["It is primarily for the trial judge to determine whether the judgment as written expressed his decision," and her "determination is entitled to substantial consideration"].)

In this case, the record strongly suggests the family court did not intend to enter a judgment on the date of separation in its "status only" order, and the inclusion of the date of separation finding in the judgment was inadvertent. First, according to the reporter's transcript, the court never made an express oral finding on the date of separation during the September 2019 hearing. Second, the court did not include a finding on the date of separation in its minute order from that hearing. Third, the court stated during the hearing it was signing "the judgment for status only" and did not mention that the judgment also covered the date of separation. Fourth, the judgment prepared by Douglas's counsel was clearly marked as a "[s]tatus only" judgment, suggesting it did not address any other issues. Fifth, the judgment stated on page one, as required by statute, that "[j]urisdiction is reserved over all other issues" (see Fam. Code, § 2337, subd. (f)), and that statement is inherently contradictory with the inclusion of a date of separation finding.

8

All this suggests the family court inadvertently signed what it believed to be a "status only" judgment, when in fact the judgment resolved not only the parties' marital status, but also the independent issue of their date of separation. On this record, we discern no error in the court's decision to set aside the date of separation finding. (See *Tobias, supra*, 208 Cal.App.3d at p. 1035 [the signing of a judgment that does not express the actual judicial intention of the court is a clerical error].)

Douglas contends the family court acted in excess of its jurisdiction by setting aside the date of separation finding more than six months after the judgment was entered. Douglas appears to confuse the court's power to correct clerical mistakes under section 473(d) with its ability to grant relief from mistake, inadvertence, surprise, or excusable neglect under section 473, subdivision (b). A court's ability to grant relief under subdivision (b) is subject to a six month deadline; its ability to correct clerical errors under subdivision (d) is not. A court may correct a clerical error in a judgment at any time, regardless of the passage of time. (*Pettigrew, supra,* 154 Cal.App.3d at p. 209.)

Douglas alternatively contends the family court did not in fact correct a clerical mistake under section 473(d), but instead set aside the date of separation finding in the interest of "seeking justice." This argument has some initial appeal, considering the court did not expressly mention section 473(d) or clerical mistakes when issuing its ruling. However, Simone relied on section 473(d) in her motion to set aside, and as discussed above, the record strongly suggests the court's inclusion of a date of separation finding in the "status only" judgment was an inadvertent clerical error. Furthermore, it is well settled that we consider only the trial court's ruling, not the reason for the ruling. We affirm the challenged order if correct on any theory, regardless of the trial court's oral comments from the bench, and we resolve any ambiguities in the record in favor of affirmance. (*Young v. Fish & Game Com.* (2018) 24 Cal.App.5th 1178, 1192–1193; *Muller v. Fresno Community Hospital & Medical Center* (2009) 172 Cal.App.4th 887, 906–907; *In re Marriage of Ditto* (1988) 206 Cal.App.3d 643, 646–647; *Winograd v.*

9

*American Broadcasting Co*. (1998) 68 Cal.App.4th 624, 631.) Accordingly, the court's oral comments from the bench during the April 2021 hearing are not dispositive in our analysis. Resolving all ambiguities in favor of affirmance, as we must, we discern no reversible error.

## DISPOSITION

The order is affirmed. Simone shall recover her costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1) & (2).)

GOETHALS, ACTING P. J.

WE CONCUR:

MOTOIKE, J.

MARKS, J.*

   * Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

10