Filed 11/26/25  Nguyen v. Bank of America CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| DUNG NGOC NGUYEN,<br><br>      Plaintiff and Appellant,<br><br>      v.<br><br>BANK OF AMERICA, N.A., et al.,<br>      Defendants and Respondents. | B334442<br><br>(Los Angeles County<br>Super. Ct. No. 21STCV26318 |

APPEAL from orders of the Superior Court of Los Angeles County, Richard L. Fruin, Judge.  Affirmed in part, dismissed in part.

NT Law and Julie N. Nong for Plaintiff and Appellant.

Severson & Werson, Jan T. Chilton and Austin B. Kenney for Defendants and Respondents.

———————————————

Appellant Dung Ngoc Nguyen filed this action against Bank of America, N.A. (BANA) and its ultimate parent company, Bank of America Corporation (BAC), after more than $200,000 in forged checks were withdrawn from her account with BANA. The operative complaint contained no allegations of misconduct by BAC or its employees and referred to the defendants collectively. From the outset of litigation, BANA captioned its pleadings "for Defendant BANK OF AMERICA, N.A. (also erroneously sued as Bank of America Corporation)." Six months after the trial court granted summary judgment in favor of BANA, Nguyen filed a motion pursuant to Code of Civil Procedure section 473, subdivision (d), asserting that the trial court had committed a clerical mistake in vacating the trial date as to BAC because BAC had not moved for summary judgment.[1] BANA opposed this motion and asserted that the court should instead correct its clerical error in omitting BAC from the judgment. The trial court denied Nguyen's request and dismissed BAC.

Nguyen appeals this order, as well as orders of the trial court sealing documents BANA had produced in discovery that were marked "Confidential" pursuant to the parties' stipulated protective order. We affirm the order denying Nguyen's section 473, subdivision (d), motion and dismissing BAC. We conclude Nguyen lacks standing to challenge the sealing orders and dismiss that portion of the appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

BANA is a depository bank that offers deposits and savings accounts, investments, and financial services to customers. It is a wholly owned subsidiary of BAC North America Holding

---

[1] All further undesignated statutory references are to the Code of Civil Procedure.

2

Company, which is a wholly owned subsidiary of NB Holdings Corporation, which in turn is a wholly owned subsidiary of BAC.

Nguyen had a checking account with BANA. Between January and December 2019, cross-defendant Hahn Hong Huynh allegedly forged Nguyen's signature on 23 checks and withdrew over $200,000 from Nguyen's BANA account.[2] BANA reported the withdrawals on monthly bank statements it sent to Nguyen. Nguyen first noticed and reported the forgeries to BANA in January 2020, approximately nine months after the first withdrawal appeared on a bank statement.

Nguyen filed this action in July 2021, naming BANA and BAC as defendants. In the operative complaint, filed March 2022, Nguyen asserted causes of action against respondents for financial elder abuse, breach of contract, breach of the covenant of good faith and fair dealing, negligence, unauthorized endorsement, and unfair business practices. The complaint alleges that BANA is a wholly owned subsidiary of BAC and that BANA is "engaged in the business of operating as a bank and offering deposits and saving accounts, investment and financial services to consumers." It otherwise does not distinguish between the defendants, but asserts that they are "the agent, representative, employee, partner, and/or alter-ego of other co-defendants, or was otherwise acting in behalf, in concert, and/or conspiracy with each and every remaining Defendant." The causes of action rely on allegations concerning conversations Nguyen had with "Defendants' employees" at "Defendants' branch[es]" and their failure to verify signatures, although only BANA is alleged to operate banks.

---

[2]     Huynh is not a party to this appeal.

3

In November 2022, BANA filed a motion for summary judgment. The parties' briefing on the motion for summary judgment is not included in the appellate record. In February 2023, the court granted the motion and issued an order stating: "Judgment shall be entered in favor of BANA and against Plaintiff DUNG NGOC NGUYEN." BANA's proposed judgment was captioned on behalf of "Defendant/Cross-Claimant BANK OF AMERICA, N.A. (also erroneously sued as Bank of America Corporation)." It stated that "Judgment is entered in favor of BANA and against Plaintiff DUNG NGOC NGUYEN" and that "BANA is the prevailing party." The court entered the proposed judgment without making any changes. The corresponding entry in the case register stated: "Court orders judgment entered for Defendant Bank of America, N.A., a national association also erroneously sued as Bank of America Corporation against Plaintiff Dung Ngoc Nguyen, an individual on the Amended Complaint (1st) filed by Dung Ngoc Nguyen on 03/16/2022 for a total of $0.00."

In March 2023, Nguyen filed a motion for new trial and, while that motion was pending, appealed the judgment. In July 2023, the trial court denied the motion for new trial on the ground that the appeal deprived it of jurisdiction.

In August 2023, BANA filed a motion to seal documents reflecting its internal policies and procedures and portions of an expert declaration discussing those documents, which Nguyen had filed with her motion for new trial. BANA had marked the policy documents "Confidential" pursuant to a stipulated protective order. The protective order provided that a party using documents marked "Confidential" to support or oppose a non-discovery motion was required to comply with California

4

Rules of Court, rules 2.550 and 2.551, which concern the sealing of court records. In her opposition to the motion to seal, Nguyen again filed unredacted versions of the internal policies BANA had sought to seal.

In August 2023, Nguyen filed a motion to set aside the judgment pursuant to section 473, subdivisions (b) and (d).[3] As here, Nguyen argued that BAC did not file an answer or motion for summary judgment and therefore remained a defendant. She further contended the trial court had committed a clerical mistake in vacating the trial date and asked the court to set a status hearing as to BAC. In support of this motion, Nguyen again filed BANA's internal policies and procedures and the expert declaration discussing the policies. Nguyen's attorney also discussed the policies in her declaration.

In its reply in support of the motion to seal, BANA asserted Nguyen had again violated the protective order. The trial court thereafter granted BANA's motion to seal.

In its opposition to the section 473 motion, BANA explained that, since its answer, it had captioned every pleading "for Defendant BANK OF AMERICA, N.A. (also erroneously sued as Bank of America Corporation)." It argued that Nguyen had not sought to have BAC's default entered, had not raised any issues regarding BAC, and had not objected to BANA's appearance for BAC. BANA also filed a declaration asserting that BAC is a holding company that does not itself engage in the business of banking; does not participate in the operations of BANA's banks;

---

[3] On appeal, Nguyen does not contend that the trial court erred in denying the motion to set aside the judgment pursuant to section 473, subdivision (b), on the grounds of surprise, inadvertence, mistake, or excusable neglect.

is not involved with the hiring, training, or supervision of BANA's employees; and does not create policies and procedures for BANA's banks. To the extent there was any clerical error, BANA argued it was in failing to also name BAC as a prevailing party, and the error could be corrected by adding BAC to the judgment.

In her reply, Nguyen asserted that only BANA moved for summary judgment and judgment was entered accordingly. She further argued that BAC could be held liable for the acts of BANA and its employees because it held the copyright for BANA's policies and procedures concerning elder abuse. Nguyen again attached the internal policies and procedures that BANA had sought to seal.

BANA filed an ex parte application for an order sealing the document attached to Nguyen's reply in support of her section 473 motion.

In October 2023, the trial court denied Nguyen's motion to set aside the judgment and to set a trial date for BAC. The court dismissed BAC from the action. The court also granted BANA's ex parte motion to seal.

Nguyen timely appealed.[4]

---

[4] We grant Nguyen's unopposed request to augment the record to include the proof of service of summons on BAC and BANA's opposition to Nguyen's motion for a new trial. (Cal. Rules of Court, rule 8.155(a).)

Respondents oppose Nguyen's request to augment the record with an unredacted version of her section 473 motion and accompanying papers. They contend it is another attempt to harass them by publicly filing confidential materials and is unnecessary because redacted versions of the motion papers

6

## DISCUSSION

**I. Nguyen Fails To Establish That the Trial Court Erred in Dismissing BAC**

Nguyen asserts that BAC was not a moving party on summary judgment and the trial court violated her due process rights by dismissing BAC sua sponte without notice. She argues that we must apply a de novo standard of review.

Respondents contend that the proper standard of review is abuse of discretion. They argue Nguyen has failed to designate an adequate record on appeal because the record does not include the motion for summary judgment and Nguyen therefore cannot establish that BAC was not a moving party. Even if the record is adequate, respondents argue that BAC was a moving party and the trial court corrected its clerical mistake in the original judgment by dismissing BAC in response to Nguyen's section 473 motion. They further contend any error was harmless.

### A. Standard of review and applicable legal principles

" 'A judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error

appear in the record multiple times. In reply, Nguyen appears to contend that the unredacted motion should be included because the versions in the record do not include a file stamp. We may take judicial notice of the undisputed fact that Nguyen filed the section 473 motion on August 22, 2023. We note that only two sentences of the memorandum of points and authorities in support of the section 473 motion are redacted, and neither is in the section addressing the issues raised in this appeal. The unredacted section 473 motion is not necessary to our resolution of this appeal and we decline to augment the record with it.

must be affirmatively shown.  This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' [Citations.]" (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564; accord, *Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502 [failure to provide an adequate record requires that issue be resolved against plaintiff].)

The parties dispute whether the court's dismissal of BAC was a clerical correction of its prior judgment pursuant to section 473, subdivision (d).  "The court may, upon motion of the injured party, or its own motion, correct clerical mistakes in its judgment or orders as entered, so as to conform to the judgment or order directed . . . ." (§ 473, subd. (d).)  " 'The term "clerical error" covers all errors, mistakes, or omissions which are not the result of the exercise of the judicial function.  If an error, mistake, or omission is the result of inadvertence, but for which a different judgment would have been rendered, the error is clerical and the judgment may be corrected . . . .' [Citation.]  The signing of a judgment, which does not express the actual judicial intention of the court, is clerical rather than judicial error." (*Conservatorship of Tobias* (1989) 208 Cal.App.3d 1031, 1035.)  "Section 473 is addressed to the sound discretion of the trial court and the trial court's order will not be disturbed absent a showing of clear abuse of discretion.  [Citation.]  Whether the error was clerical in nature is a matter for the trial court to determine." (*Ibid*.)

**B.    Analysis**

Nguyen contends that the court could not have intended the dismissal of BAC as a clerical correction because her motion under section 473, subdivision (d), did not seek to set aside the judgment as to BAC.  However, the trial court may correct

8

clerical errors sua sponte. (§ 473, subd. (d).) Moreover, BANA argued in opposition to Nguyen's motion that the court had committed a clerical error by failing to enter judgment as to BAC when it granted summary judgment as to BANA.

The motion for summary judgment is not in the appellate record, nor does the settled statement reflect any statements the trial court made in connection with its ruling on that motion.[5] In her opening brief, Nguyen does not direct us to any portion of the record supporting her argument that the court did not intend to grant summary judgment in favor of BAC. In her reply, she cites BANA's proposed judgment, which entered judgment only in favor of BANA, and which the court signed without modification. This is of limited assistance to her argument. The issue on appeal is not what the written judgment says, but whether it conformed to the judicial intention of the court.

However, we note that the proposed judgment was, like all of BANA's filings, captioned as being filed on behalf of BANA, also erroneously sued as BAC. The record indicates that, prior to her section 473 motion, Nguyen never disputed that BANA could act on BAC's behalf or that she had erroneously sued BAC. The operative complaint alleges that BANA alone is "engaged in the

---

[5]     The trial court certified the statement proposed by Nguyen "and the statement of response together" as the settled statement for purposes of this appeal. The parties' statements concerned the motions to seal and section 473 motion and were captioned with the case number of this appeal, as was the court's order certifying those statements. The record also contains a proposed settled statement and response captioned with the case number of a separate appeal of the summary judgment (case No. B330484), but no corresponding court order appears in the record.

business of operating as a bank and offering deposits and saving accounts, investment and financial services to consumers," but otherwise treats BANA and BAC as indistinguishable. It does not contain any allegations specific to BAC. Rather, it asserts that BANA and BAC are agents, representatives, and alter egos of one another. Nguyen's causes of action rely on allegations concerning bank employees' representations to her and the bank's failure to detect the forged signatures.

At the hearing on Nguyen's section 473 motion, the trial court "*reminded* [Nguyen's] counsel that each of the acts alleged against BANA took place at a BANA-run branch and involved BANA branch employees—whereas, the complaint did not allege any act, wrongful or otherwise, by BAC or its employees." (Italics added.) This indicates that the trial court had previously concluded that the operative complaint contained no allegations that would allow Nguyen to proceed against BAC alone. Indeed, it is unclear how Nguyen's claims against BAC could survive summary judgment of the claims against BANA. (*Laabs v. City of Victorville* (2008) 163 Cal.App.4th 1242, 1258 ["complaint limits the issues to be addressed at the motion for summary judgment"].)

Indulging all presumptions in favor of the trial court's ruling on matters as to which the record is silent, as we must, we assume the court construed BANA's arguments on summary judgment as extending to BAC, against which there were no independent allegations of wrongdoing, and determined there were no triable issues of fact as to BAC since the claims against BANA failed. Under such circumstances, the court's subsequent dismissal of BAC would have been clerical rather than judicial in nature.

Moreover, Nguyen does not dispute respondents' claim that the harmless error standard applies, nor does she provide any reasoned argument to contend that any trial court error was prejudicial. Even assuming for purposes of argument that BAC could be held liable for the acts of BANA or its employees under an alter ego or agency theory, as the complaint alleged, or because BAC purportedly prepared policies for BANA, the court granted summary judgment in favor of BANA.

## II. Nguyen Lacks Standing To Appeal the Sealing Orders

Nguyen contends that the trial court erred in ordering certain documents sealed because it failed to make the requisite findings pursuant to California Rules of Court, rule 2.551(a); the confidential documents were in the public record for approximately six months; and BANA purportedly waived confidentiality. Respondents argue that Nguyen lacks standing to appeal the sealing orders because she is not personally aggrieved by the order. We agree with respondents.

"For purposes of section 902, a party is aggrieved if an order 'injuriously affect[s]' its rights or interests. [Citation.] The injured interest must be 'recognized by law' [citation], and the injury must be 'immediate, pecuniary, and substantial'; it cannot be nominal or be ' " 'a remote consequence of the judgment.' " ' [Citation.] The injured interest also must belong *to the party*: 'a would-be appellant "lacks standing to raise issues affecting another person's interests." ' [Citation.]" (*Six4Three, LLC v. Facebook, Inc.* (2020) 49 Cal.App.5th 109, 115 (*Six4Three*).)

Standing "is no mere technicality, but is grounded in the most basic notion of why courts entertain civil appeals. We are here to provide relief for appellants who have been wronged by

11

trial court error. Our resources are limited and thus are not brought to bear when appellants have suffered no wrong but instead seek to advance the interests of others who have not themselves complained." (*Rebney v. Wells Fargo Bank* (1990) 220 Cal.App.3d 1117, 1132, disapproved on another ground in *Hernandez v. Restoration Hardware, Inc.* (2018) 4 Cal.5th 260, 269–270.)

Nguyen asserts that "the sealing order restricts [her] ability to use the public record effectively on appeal" and that sealing orders generally "can limit access to crucial information for both the appellant and the public." However, she also concedes that the challenge to the order sealing portions of the record "is not for her own benefit, but to enforce the public's right to access judicial proceedings and records."

In *Six4Three*, the appellate court considered whether a party that "undisputedly possesse[d] copies of every document that the court ordered sealed, and submitted copies of the documents (by lodging them conditionally under seal) to support its" legal position, had standing to challenge a sealing order. (*Six4Three, supra,* 49 Cal.App.5th at p. 115.) The court observed that "the sealing order did not impair [the plaintiff's] ability to use the documents in this litigation." (*Ibid.*) Although the order "undoubtedly affects the ability of the public to view the sealed documents, neither any of the media that appeared in the trial court nor any other party purporting to represent the interests of the public has joined in this appeal." (*Ibid.*) The court recognized "the importance of the public's interest in access to such documents," and did not presume that the plaintiff's contention that the sealing order was overly broad lacked merit, but concluded that the determination that the sealing order was

12

erroneous was subject to appeal only by a party aggrieved by the order.  (*Ibid*.)  It concluded that the plaintiff had failed to show it was aggrieved by the sealing order and thus lacked standing to appeal that portion of the trial court's order.  (*Id*. at p. 118.)

Nguyen does not distinguish *Six4Three* but instead relies on *NBC Subsidiary (KNBC-TV), Inc. v. Superior Court* (1999) 20 Cal.4th 1178, which addressed the closure of substantive courtroom proceedings and sealing of transcripts of court proceedings.  (*Id*. at pp. 1217–1218.)  That case is inapposite, as respondents did not seek to seal court proceedings or transcripts of court proceedings.  Instead, respondents sought to seal BANA's internal policies and procedures, which had previously been designated confidential, and documents discussing them.  Like the plaintiff in *Six4Three*, Nguyen fails to explain how the sealing order substantially injures her interests on appeal when the protective order expressly permitted her to disclose the confidential materials to the court and the sealed documents are part of the appellate record.  Moreover, no party purporting to represent the interests of the public has sought to join this appeal.

We therefore conclude that Nguyen lacks standing to challenge the sealing order and dismiss that portion of her appeal.

**DISPOSITION**

The order dismissing BAC is affirmed.  The appeal of the orders granting the motions to seal is dismissed.  Respondents shall recover their costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

ADAMS, J.

We concur:

EDMON, P. J.

HANASONO, J.

14